27 F.Supp. 785 (1939)
THE ITALIA.
GITTO et al.
v.
SOCIETÁ ANONIMA DI NAVIGAZIONE, GENOVA.
District Court, E. D. New York.
April 25, 1939.
*786 William A. Blank, of Brooklyn, N. Y., for plaintiffs.
Dorsey & Flynn, of New York City, for defendant.
MOSCOWITZ, District Judge.
This is a motion by the defendant under Rule 35 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to have the infant plaintiff submit to the taking of X-ray pictures by a physician named by the defendant. The plaintiff objects to defendant's choice of physician and requests that the Court appoint an impartial physician. The issue is thus presented whether a defendant seeking a physical examination under Rule 35 has the privilege of naming his own physician.
Rule 35(a) of the Rules of Civil Procedure provides: "Order for Examination. In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending may order him to submit to a physical or mental examination by a physician. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."
An examination of the Rule makes it readily apparent that it rests within the discretion of the Court whether a physical examination be granted. The Rule is phrased in terms of "may", not "must" and "shall". The comments of the Supreme Court Advisors confirm this interpretation that the Court exercises full discretion in regulating and controlling physical and mental examinations. See Federal Rules of Civil Procedure and Proceedings of American Bar Association Institute (Cleveland) p. 289.
With such a wide range of discretion placed in the Court it is obvious that a defendant seeking a physical examination of a plaintiff has no absolute right to the choice of his own physician. In fact the Advisors state "the examining physician in this case becomes essentially an officer of the court ordering the examination." See Proceedings of American Bar Association Institute (Washington) p. 102. Thus, even after determining that a physical or mental examination is advisable the power still rests with the Court to determine the physician who shall conduct the examination.
It naturally rests within the discretion of the Court to appoint the physician chosen by the defendant, if it is felt that the interests of justice will best be served in that manner. In fact, the provisions of Rule 35(b)(1) appear to point in the direction of giving the defendant the same opportunities of developing his own evidence as are available to the plaintiff. Therefore, where no serious objection arises, it is probably best for the Court to *787 appoint the physician chosen by the defendant.
Here, however, the plaintiff has made strenuous objection to defendant's choice of physician. Under the circumstances, without reflecting in any manner upon the physician in question, it is best that another physician be appointed.
If the parties can select a physician mutually agreeable, his name may be submitted. If not the Court will make its own choice.
Settle order on notice.