ADKINS, A MINOR, APPELLANT, *v.* EITEL, A MINOR, ET AL., APPELLEES.

(No. 384—Decided April 12, 1965.)

*Mr. Judson C. Kistler* and *Mr. Jack Supman,* for appellant.
*Messrs. Power, Griffith, Jones & Bell* and *Mr. Kermit C. Sitterly,* for appellees.

*Per Curiam.* In this case we have a bill of exceptions which has been certified as being a true and complete transcription of the testimony and proceedings held on a hearing of the following motion of the defendants:

"Now come the defendants by their attorneys, and move the court for an order requiring the plaintiff to submit to a medical examination."

The defendants thereafter requested that the examination be by Dr. Nusbaum. Plaintiff objected to Dr. Nusbaum, stating that he would be willing to submit himself for a physical examination before any other doctor in the state of Ohio.

Following hearing as set forth in the bill of exceptions, the court, by journal entry, rendered the following judgment from which the plaintiff has appealed:

"This matter coming on for hearing upon the motion of the defendants for an order requiring plaintiff to submit himself to a medical examination, and upon consideration thereof the court finds said motion well taken and orders the plaintiff to submit to a medical examination by Dr. W. D. Nusbaum, Lancaster, Ohio."

The law as here applicable has been set forth by the Supreme Court of Ohio in the syllabus of the case of *S. S. Kresge Co.* v. *Trester,* 123 Ohio St. 383, as follows:

"1. In an action for damages for personal injuries, the trial court has the power to require the plaintiff to submit to a reasonable physical examination, at a proper time and place, by competent physicians or surgeons, in order that the extent and nature of the injuries may be ascertained. (*Miami & Montgomery Turnpike Co.* v. *Baily,* 37 Ohio St. 104, approved and followed.)

"2. The defendant does not have an absolute right to name the physicians or surgeons to make such examination, although the physicians or surgeons suggested by the party applying for such examination are not rendered ineligible thereby, the matter of selection being within the discretion of the trial court.

"3. While the trial court's ruling is subject to review on error, the same will not be disturbed unless an abuse of discretion affirmatively appears."

Thus the issue is whether as to the court's appointment of Dr. Nusbaum an abuse of discretion affirmatively appears from the record, thus rendering the court's ruling subject to review on error and to reversal and remand for further proceedings.

We do not find an abuse of discretion solely from the fact

that the plaintiff refused to be examined by Dr. Nusbaum but offered to submit to any other doctor in the state. Neither do we find abuse of discretion solely from the fact that the doctor was an acquaintance of defendants' counsel or that his appointment was requested by defendants' counsel.

At the hearing there was no testimony concerning the qualifications, competency or integrity of the doctor, and no findings in these respects were contained in the court's entry; however, the court, apparently by taking judicial notice of its own knowledge of the doctor's reputation, stated, at the conclusion of the hearing, as shown by the bill of exceptions, the following:

"The court feels that Dr. Nusbaum is a competent and qualified physician, and he feels that his integrity is unquestioned. We realize that counsel for the plaintiff has objected time after time as to Dr. Nusbaum testifying or making an examination of their client, however, inasmuch as he is competent and inasmuch as he is qualified, and I think that his integrity is unquestioned insofar as there is anything before this court, I am going to sustain this motion."

From the record it does appear that defendants' counsel and the doctor are neighbors. They own a lawn mower together. It was stipulated that for about thirty-three years since defendants' counsel started practice he has represented the doctor as his legal counsel.

When defendants' counsel Mr. Sitterly was inquired of on cross-examination as to his relations with the doctor in corporate business transactions he refused four times to answer because of his attorney-client relationship with the doctor to whom he was requesting that the plaintiff submit to physical examination.

It is our finding that the plaintiff was entitled to have these relationships disclosed in order that they might be considered by the court. Of course the privilege of attorney-client relationship could be claimed, but if it is to be claimed to keep from the plaintiff and the court relationships as between the doctor and the attorney who is requesting his appointment, then the court cannot render a decision based upon all the facts which the plaintiff is entitled to have considered.

Why under the circumstances, in the exercise of its discretion, the court did not appoint another doctor is not for us to determine, but only whether it abused its discretion as to the appointment made.

It is our finding that it does affirmatively appear from the record in this case that the court abused its discretion in ordering that the plaintiff submit to a medical examination by the doctor requested by the defendant rather than to some other doctor to be named by the court.

This case is distinguished from the cases of *Janet Fox and Brenda Lee Fox* v. *Twenty Three Hundred Taxi Co.*, Cases Nos. 367 and 370, Fairfield County, in that in those cases we found no abuse of discretion which affirmatively appeared from the record and therefore dismissed the appeals for want of a final appealable order.

The judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

RUTHERFORD, P. J., and VAN NOSTRAN, J., concur.
McLAUGHLIN, J., dissents.