LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Anna Catherine Fields

    v.

Wistar H. Walke

Dorothy L. Bullock

    v.

Linwood Parson

November 24, 1969

Cases No. 1951 and 2019

By JUDGE A. CHRISTIAN COMPTON

In these cases, the defendants have moved under Rule 4:10 for a physical examination of the respective plaintiffs to be made by Dr. Ernest B. Carpenter, an orthopedic surgeon of this city. No objection is made to an examination nor is there any claim that the physician is not qualified in his specialty but the plaintiffs each object to the examination being made by the particular physician for various reasons.

Each plaintiff asserts that the opinions of the physician regarding sprains "is contrary to the opinion of the great majority of the orthopedic specialists practicing in this area." In the Fields case, the plaintiff alleges that the physician in taking his medical history during the independent examination usually delves too far into non-medical information

such as the extent of time lost and the facts of the happening of the accident. In the Bullock case, the plaintiff asserts that there is a close personal and/or business relationship between defendant's counsel and the physician. In each case, the defendant contends that none of the above charges made by the respective plaintiffs have any basis in fact.

The defendants' motions for the examinations by the physician named are granted. It rests within the sound discretion of the court under Rule 4:10(a) whether to designate a physician chosen by the defendant to examine the plaintiff in a personal injury action, but the defendant has no absolute right to the choice of his own physician and the power still remains with the court to determine who shall be the examining physician. This is the holding of the Federal courts under Rule 35(a) of the Federal Rules of Civil Procedure and of those state courts which have adopted a rule similar to the Virginia rule. 23 Am. Jur. 2d, Depositions and Discovery, Section 219, pp. 589-590; 35B C.J.S., Federal Civil Procedure, Section 752, p. 19; 2-A Barron & Holtzoff, Section 822, pp. 482-483. This was the Virginia law under old Rule 3:23(d). Virginia Linen Service v. Allen, 198 Va. 700, 703 (1957). For cases which reach different results on similar factual situations but which apply this same rule, see Italia, 27 F. Supp. 785 (E.D. N.Y. 1939), and Adkins v. Eitel, 206 N.E.2d 573, 575 (Ohio App.-1965) on the one hand and Wasmund v. Nunamaker, 151 N.W.2d 577 (Minn. 1967) on the other.

The following statement by Mr. Justice Buchanan in Allen is as applicable to the present rule as it was when it was made when discussing the former rule:

> The Rule says the court "may order" the examination. Whether it will do so is in the sound judicial discretion of the court on the showing made. The Rule provides that the examination shall be made by the physician or physicians named in the order. It does not say how the court shall determine who shall be named. If the court wishes it may require

counsel to make suggestions or furnish a list of qualified persons. The court may investigate their fitness and their availability, then make its selection and name its choice in its order. The Rule says the person named in the order shall be employed by the moving party. That means he is to be paid by the moving party and it is the business of the court to arrange about that.

It is not the purpose of the Rule to create a final arbiter of medical disputes nor to provide a new way of settling conflicts between medical witnesses. That must remain the function of the jury, or of the court if there is no jury. The person appointed to make the examination is necessarily the selection of the court but that is not to invest him with the quality of inerrancy.

Being guided by the above principles, in these two cases the Court is of the opinion that the plaintiff's objections should be overruled. This is not to say that a defendant's selection of a physician will be approved by the Court in every case for each request under this rule must be judged on the peculiar facts of the particular case.