Kenneth C. POWELL, II, Plaintiff,

v.

UNITED STATES of America, Defendant.

Action No. 2:92CV1244.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 4, 1993.

Jeffrey Arnold Breit, Billie Jeanne Hobbs, Breit, Drescher & Breit, Norfolk, VA, for plaintiff.

John Robert Crumpler, Jr., Kaufman & Canoles, John Phillip Krajewski, U.S. Attorney's Office, Norfolk, VA, Debra J. Kossow, U.S. Dept. of Justice, Torts Branch, Civ. Div., for defendant.

## MEMORANDUM OPINION AND ORDER

MILLER, United States Magistrate Judge.

The United States filed a Motion for Physical Examination of the plaintiff pursuant to Rule 35 of the Federal Rules of Civil Procedure. The plaintiff objected to Dr. Colin W. Hamilton conducting the medical examination and stated that he would submit to a physical examination by any other orthopaedic surgeon in the region. The plaintiff contends that Dr. Hamilton is biased against plaintiffs in law suits.

This motion is the latest in a series of motions filed by various plaintiffs' counsel seeking to prevent Dr. Colin W. Hamilton from conducting independent medical examinations pursuant to Rule 35. The undersigned has consistently ruled that plaintiffs' counsel have presented no facts to support their suggestion that Dr. Hamilton is biased. The Court writes to give guidance to counsel in the future who seek to disqualify Dr.

Hamilton or any other expert retained to perform a Rule 35 physical examination.

As a result of a shoulder injury allegedly caused by the defendant, plaintiff claims that he is no longer physically able to pursue his chosen career as a bicycle racer. He seeks money damages based on defendant's alleged responsibility.

As a preliminary matter, the Court FINDS that the physical condition of the plaintiff is a matter of controversy in this case and therefore good cause has been shown for an orthopaedic examination.

The plaintiff states that Dr. Hamilton is widely used by attorneys for defendants as an independent medical examiner. In support of his objection the plaintiff presented a transcript of the cross-examination of Dr. Hamilton in a deposition in another case. The plaintiff claims that the cross-examination of Dr. Hamilton establishes that Dr. Hamilton is biased because he has a preconceived notion that two-thirds of those whom he examines for insurance companies are untruthful as to their injuries.

The defendant concedes that Dr. Hamilton testified that in his experience two out of three persons he examines at the request of insurance companies are exaggerating their symptoms. The defendant contends that this experience does not prove bias. Dr. Hamilton further testified that he does not walk into the examining room with a preconceived idea that a person is faking injuries. He states:

> My job, when I do an independent medical examination, is to be objective. And I don't really care, I have no personal stake at what these people have or don't have. I am compensated for doing the exam, no matter what it shows. I am not a treating physician, in that circumstance, who stands to benefit by coming up with positive diagnoses just so that he can get paid more when the settlement comes. I have no stake whatsoever.

P. 23, Line 13, Deposition of Colin Whiting Hamilton, M.D. (April 23, 1991), *Craig Curtis, Sr. v. Betty Bonney Nosay,* Circuit Court of the City of Virginia Beach, CL 90–1973.

■ A defendant does not have an absolute right to choose the doctor who will perform an examination conducted pursuant to Rule 35. *Stinchcomb v. United States,* 132 F.R.D. 29 (E.D.Pa.1990). However, absent a "valid objection" to the physician defendant chooses, the defendant's choice is to be respected. *See e.g., Looney v. National R.R. Passenger Corp.,* 142 F.R.D. 264, 265 (D.Mass.1992) and *Liechty v. Terrill Trucking Co.,* 53 F.R.D. 590, 591 (E.D.Tenn.1971). The "valid objection" requirement provides defendants with the same opportunity as plaintiffs in choosing an expert witness. Defendants have absolutely no say in determining which physician a plaintiff chooses as a treating physician or an expert witness; likewise, a plaintiff should be limited in his ability to object to the selection of the defendant's expert witnesses.

In this case and others that have been before the Court, plaintiffs' counsel assert that Dr. Hamilton is regularly employed by insurance companies and civil defendants to perform medical examinations. They state that he usually concludes that the plaintiffs suffered no disability as a result of the injuries which are the subject of the law suits or workmen's compensation claims. They further suggest that he has a bias against the plaintiffs in these cases and enters the examination room biased against them. Various plaintiffs' counsel[1] have even advised the Court that a number of them have agreed among themselves to always object to a motion to appoint Dr. Hamilton as a medical examiner.

Defense counsel counters that plaintiffs have failed to show any personal bias on the part of Dr. Hamilton. They have also stated to this Court on a number of occasions that Dr. Hamilton is one of the few orthopaedic surgeons in this area who will perform medical examinations pursuant to Rule 35.

The defendant attached Dr. Hamilton's curriculum vitae as Exhibit C to the defendant's memorandum. He received a bachelor's degree in biology from Princeton University in 1966 and a medical degree from Georgetown University School of Medicine in 1970. He completed a surgical internship and orthopaedic residency at the Indiana University Medical Center from 1970–74. From 1974 through 1976 he was the Chief of Orthopaedics at the United States Public Health Service Hospital in Norfolk, Virginia. He has been in the private practice of orthopaedic surgery since 1976. He has been licensed by the Commonwealth of Virginia since 1976. He is on the active staff of two local hospitals and on the courtesy staff at two other hospitals. He is a Diplomat of the National Board of Medical Examiners and was board-certified by the American Board of Orthopaedic Surgery in 1975. He is a Fellow of the American Academy of Orthopaedic Surgeons and the American College of Surgeons. He is an instructor of orthopaedics at the Eastern Virginia Medical School and a past president of the Virginia Beach Medical Society. This curriculum vitae establishes that Dr. Colin Hamilton has the credentials to give an opinion about an alleged orthopaedic injury.

This is not a case where a physician had a business or social relationship or attorney-client relationship with the attorney representing the defendant. *See e.g., Adkins v. Eitel,* 2 Ohio App.2d 46, 31 O.O.2d 95, 206 N.E.2d 573 (1965) and *Main v. Tony L. Scheston–Luxor Cab Co.,* 249 Iowa 973, 89 N.W.2d 865 (1958). Such a relationship would prevent the appointment of Dr. Hamilton as a medical examiner.

The plaintiff is free at trial to cross examine Dr. Hamilton on any questions of bias or prejudice. Nothing in this opinion today prevents the plaintiff from attempting to impeach Dr. Hamilton using matters raised in this motion. *Gitto, et. al. v. Societa Anonima di Navigazione, Genova,* 27 F.Supp. 785, 786 (E.D.N.Y.1939).

The Court FINDS that the plaintiff has failed to raise a valid objection to the appointment of Dr. Hamilton. The Court accordingly GRANTS the defendant's Motion to Compel a Medical Examination pursuant to Federal Rule of Civil Procedure 35. The examination will be conducted at the defendant's expense by Colin W. Hamilton, M.D. on June 9, 1993 at 9:30 a.m. at Virginia

---

1. The Court is not aware if plaintiff's counsel in the instant case is among this group of attorneys.

Beach Orthopaedic Associates, 1853 Old Donation Parkway, Virginia Beach, Virginia.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion and Order to all counsel of record and to Dr. Colin W. Hamilton.