Patricia VREELAND, Charles R. Godfrey, Peter F. Perri, Karen M. Kelly, Robert A. Detlefs, Dolores Benish, Eleanor Padovani, James F. Clarke, Individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

ETHAN ALLEN, INC., Defendant.

No. 93 Civ. 2106 (CLB).

United States District Court, S.D. New York.

Dec. 3, 1993.

Emmet, Marvin & Martin, New York City by Christine Cesare and Peter McKiernan, for plaintiffs.

Paul, Hastings, Janofsky & Walker, New York City by Samuel D. Rosen and Ronald Kreismann, for defendant.

## MEMORANDUM & ORDER

BRIEANT, District Judge.

This is an action under the Age Discrimination in Employment Act, in which psychological damages are claimed, thereby entitling defendant to have plaintiffs examined by an expert to testify on its behalf.

By objections docketed December 1, 1993, defendant objects to and seeks judicial review of a November 19, 1993 Minute Order entered upon the record of a hearing held by Magistrate Judge Mark D. Fox on that day. The record has not been transcribed, but a prompt resolution is appropriate because the discovery cut-off date is at hand.

We understand from the information presented that the Magistrate Judge "permitted" the presence of plaintiffs' attorney during psychological examinations of plaintiffs to be conducted by a professional retained by the defendant and acting pursuant to Rule 35 F.R.Civ.P. The Rule is totally silent on the issue of whether the attorney has the *right* to be present. Even if the attorney does not have that right, a judicial officer in his or her discretion may allow it in the interests of justice. Implicit in any such authorization by the Magistrate Judge is a requirement that the attorney behave in an orderly fashion and not meddle or attempt in any way to direct or control the examination.

There is a legitimate purpose to be served by the presence of the attorney. The attorney can observe and take notes of the procedures followed, in order to have that information available for cross-examination. In our trials involving ordinary physical injuries it is quite common for the attorney for the plaintiff to be present during such examinations as an observer, and this Court has found generally that, assuming no inappropriate conduct, the presence of the attorney is more likely to produce a higher quality of justice and fairness in the ensuing trial and permit more cogent cross-examination of the expert.

This Court concludes that the Magistrate Judge did not abuse his discretion by authorizing the presence of the attorney. Nor is the presence of the attorney "contrary to established precedent", as the papers submitted suggest. No case to that effect decided by the Second Circuit Court of Appeals has been brought to our attention, and we know of none. Instead, reliance is placed on an opinion by District Judge Haight of this Court in *Brandenberg v. El Al Israel Airlines,* 79 F.R.D. 543, 546 (S.D.N.Y.1978). At

most, that case and a few other opinions by other district judges cited from here and there stand for the proposition that there is no *right* to have the attorney present. Assuming this to be so, this does not inform us whether the Magistrate Judge abused his discretion by authorizing the attorney to attend.

The *Brandenberg* opinion notes that the examining psychiatrist himself asserted that the presence of the attorney would be an, "unacceptable interference with the psychiatric examination process", a proposition apparently accepted as valid by the district judge, which this Court considers highly doubtful in this case.

In any event, opinions of other district judges have no binding precedential effect. As our Court of Appeals stated in *Hawkins v. Steingut,* 829 F.2d 317, 321 (2d Cir.1987):

> "More importantly, a district court decision does not "clearly establish" the law even of its own circuit, much less that of other circuits. Although district judges within a particular circuit will frequently find each other's discussions persuasive, they remain free to disagree."

*Id.* at 321. *See also Richardson v. Selsky,* 5 F.3d 616, 632 (2d Cir.1993); *EEOC v. Pan American World Airways,* 576 F.Supp. 1530 (S.D.N.Y.1984); and *Spear v. Town of West Hartford,* 789 F.Supp. 80 (D.Conn.1992).

The objection is denied.

SO ORDERED.