**Kathy A. GAVENDA, Plaintiff,**

v.

**ORLEANS COUNTY, et al., Defendants.**

No. 95–CV–0251E(Sc).

United States District Court,
W.D. New York.

April 12, 1996.

Emmelyn Logan–Baldwin, Rochester, NY, for Plaintiff.

Colleen O'Connell Jancevski, Buffalo, NY, for Defendant.

## Memorandum & Order

SCOTT, United States Magistrate Judge.

Before the Court are defendants' various motions to compel plaintiff to submit to physical and mental examinations and plaintiff's cross-motion for a protective order.

## Background

Plaintiff, who is employed by the Orleans County Sheriff's Department, claims that she has been discriminated against by defendants because she is female. She alleges that defendants violated her rights under Title VII of the Civil Rights Act of 1964, the New York Human Rights Law, the New York Civil Rights Law and the common law of slander. Among her claims, plaintiff alleges that defendant's actions have caused her embarrassment, humiliation, pain and suffering and physical and mental anguish. (See plaintiff's Complaint at ¶ 58.)

On March 26, 1996 Defendants Orleans County, Orleans County Sheriff's Department, David M. Green and Richard Metz (hereafter referred to as the "Orleans County defendants") filed a motion seeking to compel plaintiff to submit to a mental examination which was scheduled for April 11, 1996. On March 29, 1996 defendant Charles Dingman filed a similar motion seeking to compel plaintiff to submit to both physical and mental examinations scheduled for April 23, 1996 and April 30, 1996 respectively. By letter dated April 3, 1996, the Orleans County defendants advised the Court that to minimize any disruption or inconvenience they would utilize the same psychiatric expert identified by defendant Dingman. On April 5, 1996 plaintiff filed a cross-motion for a protective order. Oral argument was heard on April 8, 1996.

For the reasons set forth below, plaintiff is hereby directed to submit to the physical and mental examinations as scheduled on April 23, 1996 and April 30, 1996 respectively, or upon any other mutually agreeable date[1].

## Discussion

Rule 35(a) of the Federal Rules of Civil Procedure provides that when the mental or physical condition of a party is in controversy, the court may order the party to submit to a physical or mental examination upon good cause being shown. As is evident in paragraph 58 of the Complaint, Plaintiff concedes that she has put her physical and mental health in controversy. Notwithstanding, plaintiff argues that the defendants have failed to meet the threshold of Rule 35 and

---

1. At oral argument, plaintiff's counsel argued that plaintiff had a conflict on April 30, 1996 because she intends to be present at a deposition that day. At the Court's request, plaintiff's counsel proposed alternative dates. Defendants' counsel represented that the examination could be rescheduled to accommodate the plaintiff in this regard.

that good cause has not been shown. The focus of plaintiff's argument, however, appears to be directed toward the mechanics of any examinations and not upon whether the defendants have a need to have plaintiff examined. In any event, the Court is not persuaded by plaintiff's arguments and finds that defendants have met the Rule 35(a) threshold, See *Duncan v. Upjohn Co.*, 155 F.R.D. 23 (D.Conn.1994).

■ Plaintiff also argues, in somewhat conclusory fashion, that if the Court were to order the examinations, it is necessary to implement "safeguards" with respect to the examination.[2] Plaintiff fails to articulate any specific concern other than the assertion that doctors, in general, are lousy note takers. Plaintiff argued that a "verbatim" record as taken by a stenographer would be required to insure that her rights were not violated. While it is true that an expert retained by one party to a lawsuit can not be deemed to be "neutral", plaintiff's fears appear to be overstated. The defendants argue that sufficient safeguards are already in place under Rule 35(b), which allows for the examined party to receive a copy of any report produced by the expert, and in the general discovery rules which allow for plaintiff to take the deposition of the expert.[3]

■ There does not appear to be any well-settled law either requiring or prohibiting the recording of such examinations. Some courts have directed the recordation of such examinations. See *Zabkowicz v. West Bend Co.*, 585 F.Supp. 635 (E.D.Wis.1984). As a general rule, the safeguards in Rule 35(b) and the general discovery rules are sufficient to protect a party's rights. However, the Court is not persuaded by defendants' argument that the presence of a tape recorder would "destroy any candor" by the plaintiff and subvert the entire purpose of the examination. Being an interpersonal exchange between two persons, there is by definition, a subjective component to a psychiatric examination. Thus, although it may not be required as a matter of law, the Court will

direct that the mental examination be recorded by a mechanical audio tape recorder.

■ Plaintiff also requested that the Court place a time limit upon the psychiatric examination. Plaintiff has not articulated any basis for such a limit. The Court declines to set any time parameter on the examination.

■ Finally, plaintiff argues that she should be paid for her time in submitting to the examinations and in otherwise participating in the prosecution of this lawsuit. Plaintiff argues that because the individual defendants who are employee of Orleans County or the Orleans County Sheriff's Office are paid when their presence is required at court proceedings or depositions, it is retaliatory not to pay the plaintiff when her presence is necessitated.

Plaintiff's motion is denied. The defendants in this case have been sued in their official capacities as County employees as well as in their individual capacity. Their cooperation in the defense effort of the County is required by statutory provisions concerning the representation and indemnification of government employees in such circumstances. These considerations do not apply to the plaintiff. Moreover, the authority proffered by plaintiff is not persuasive. By letter dated April 11, 1996, plaintiff cited two cases in support of her position: *Kyriazi v. Western Electric Co.*, 469 F.Supp. 672 (D.N.J.1979) and *Sands v. Runyon.*, 28 F.3d 1323 (2d Cir.1994). The *Kyriazi* case is easily distinguished from the instant matter. *Kyriazi* involved a class action by an employee of the defendant on behalf of all similarly situated employees. In that case, after a finding of liability against the defendant corporation, the defendant determined that it would compensate employees who testified on its behalf but would not compensate employees that testified on behalf of the plaintiff class. The court in *Kyriazi* held that

---

2. In this regard, plaintiff addressed only the mental examinations and does not appear to desire recordation of the physical exam.

3. At oral argument, plaintiff argued that the defendants refused to allow plaintiff to depose their physician experts. Defendants asserted that they had refused to schedule the deposition of their doctors because, at that time, plaintiff was refus-

ing to submit to the examinations. Defendants noted that plaintiff had similarly refused to produce plaintiff's physician expert. In court, the parties agreed that to produce each of their respective physicians for deposition (conditioned, of course, upon payment of the physician's witness fee).

under such circumstances all employees would have to be treated equally. In the instant matter, no finding of liability has been determined against the defendants. Moreover, the statutory considerations that apply in the instant case because the defendants are government employees sued in their official capacity are not present in *Kyriazi*.

The *Sands* case is equally lacking in support of plaintiff's position. Indeed, in *Sands* the Second Circuit upheld the District Court's *denial* of reimbursement of leave time taken by the plaintiff to participate in the prosecution of her lawsuit. As argued by the defendants in the instant case, any time lost by plaintiff in prosecuting this case may be considered in the computation of damages should plaintiff prevail. Thus, plaintiff's request for compensation for the time expended in submitting to the examinations or otherwise participating in this lawsuit is denied.

### Conclusion

Based on the foregoing, defendants' motions to compel plaintiff to submit to a physical and mental examination are GRANTED; and plaintiff's cross-motion for a protective order is GRANTED IN PART AND DENIED IN PART consistent with the above.

SO ORDERED.