**Michael G. McKITIS, et al.**

v.

**Frank DEFAZIO, et al.**

**Civ.A. No. S–98–3027.**

United States District Court,
D. Maryland,
at Baltimore.

May 26, 1999.

Leonard Orman, Baltimore, Maryland, for plaintiff.

Patrick G. Culled, and Rollins, Smalkin, Richards & Mackie, Baltimore, Maryland, for defendant.

### MEMORANDUM AND ORDER

GRIMM, United States Magistrate Judge.

Before the Court is Defendant, Frank Defazio's, Motion to Compel Plaintiff, Joan McKitis, to submit to physical and mental examinations pursuant to Fed.R.Civ.P. 35. (Paper No. 23). Plaintiff has filed an opposition and defendant a reply. (Paper Nos. 24

and 25).[1] For the reasons discussed below, defendant's motion is granted.

■■■ Plaintiff does not dispute that her physical and mental condition is in controversy. Rather, she argues that, because she already has submitted to one examination by an orthopedist, Dr. Cohen, Rule 35 precludes this Court from ordering another, or, alternatively, that defendant has not shown good cause for additional examinations. Each argument is without merit. Plaintiff has identified no authority to support her position that this Court is restricted to ordering only a single examination in circumstances where plaintiff asserts claims for multiple injuries which fall within the scope of several medical specialties, and there is clear authority against her position. *See* 8A Charles A. Wright et al., Federal Practice and Procedure § 2234, at 475 (2nd ed.1994) (listing cases where repeated examinations were ordered). This is especially true in light of plaintiff's apparent intent to call an orthopedist, a neurologist, an internist, a neurosurgeon, a plastic surgeon and two psychologists as expert witnesses at trial, (Paper No. 25, Ex. 1). Since the prior examination to which plaintiff submitted was performed by an orthopedist, whose testimony at trial will be limited to the issue of orthopedic injuries claimed by the plaintiff, the defendant has made an adequate showing of good cause under Rule 35 to warrant additional, non-duplicative, examinations. Moreover, despite plaintiff's argument to the contrary, I find that defendant has sufficiently complied with the requirements of Rule 35 and adequately defined the scope of the proposed examinations with Dr. Freedenburg, a psychiatrist, and Dr. Moses, a neurologist. (Paper No. 23 at p. 3).

■■■ Plaintiff also objects to the examination by Dr. Freedenburg on the basis that "a large percentage of his income comes from doing examinations and giving testimony for defendants and insurance companies and that more than approximately 90% of his opinions are contrary to the opinions of the physicians who actually treat the patients." (Paper No. 24 at p. 4). It is true that Rule 35 confers on the moving party no absolute right to choose the examiner, and that the Court has the authority to reject an examiner proposed by a party upon a sufficient showing of bias or prejudice. *See* 8A Charles A. Wright et al., Federal Practice and Procedure § 2234.2, at 486; *cf. Main v. Tony L. Sheston–Luxor Cab Co.*, 249 Iowa 973, 89 N.W.2d 865 (1958) (rejecting physician who was also a client of defendant's attorney); *Adkins v. Eitel*, 2 Ohio App.2d 46, 206 N.E.2d 573 (1965) (holding an abuse of discretion by trial court to appoint physician when attorney refused four times to answer questions regarding his business relationship with the doctor). In this case, however, even assuming the accuracy of the plaintiff's conclusory assertions about Dr. Freedenburg, she has not identified facts which would disqualify Dr. Freedenburg from conducting the requested examination. *See Powell v. United States*, 149 F.R.D. 122, 124 (E.D.Va.1993) (finding that plaintiff's claim that the examiner is biased because he has a preconceived notion that two-thirds of those whom he examines for insurance companies are untruthful as to their injuries failed to raise valid objection to appointment of that physician). The issues raised by the defendant speak to the credibility of Dr. Freedenburg's opinions, not his qualifications to render them. Any concerns plaintiff has about the opinions expressed by Dr. Freedenburg following his examination of Ms. McKitis adequately can be addressed in a pretrial motion in limine, filed pursuant to Fed.R.Civ.P. 16(c) and Fed.R.Evid. 104(a).

---

**1.** Plaintiff filed a surreply without the Court's permission, (Paper no. 26), and therefore, in violation of Local Rule 105.2. It will not be considered. However, even if it were, it would not change the outcome of this Order. The majority of the paper is devoted to plaintiff's argument that her counsel should be able to attend the examinations, if ordered by the Court. In support of that argument, plaintiff cites a number of state court decisions. Those decisions are inapplicable under the Federal Rules of Civil Procedure. Moreover, as recognized by other federal courts, the analyses of those state court decisions have been driven by perceived local customs or the provisions of a state statute which explicitly allows for the attendance of counsel. *See e.g. Tomlin v. Holecek*, 150 F.R.D. 628, 631 (D.Minn.1993) (also recognizing that the greater weight of authority in federal cases favors the exclusion of the plaintiff's attorney from the conduct of a Rule 35 examination).

Upon the filing of such a motion, the Court will be free to consider facts regarding Dr. Freedenburg's opinions and then determine, as a threshold matter under Fed.R.Evid. 104(a), whether his testimony at trial will be admitted.

Moreover, if Dr. Freedenburg is permitted to testify at trial, the plaintiff is still free to cross-examine him about matters reflecting bias or prejudice, as well as to introduce appropriate extrinsic evidence of bias.[2] *See e.g.* Fed.R.Evid. 104(e); 402; 403; *United States v. Abel,* 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984) (impeachment of witness for bias through extrinsic evidence held permissible under Federal Rules of Evidence even though no rule specifically allows it); *United States v. Maynard,* 476 F.2d 1170, 1174 (D.C.Cir.1973) ("In certain situations ... external facts from which may be inferred a specific bias, or motive to testify in a particular way, are admissible to impeach a witness—e.g. facts which show a familial, employment or litigious relationship."); *Still v. K–Mart Corp.,* 865 F.2d 255, 1988 WL 131792 (4th Cir.1988) ("Extrinsic evidence of bias or facts from which it may be inferred may be introduced even after the witness has denied the bias or the facts."); M. Graham, Handbook of Federal Evidence, § 607.7, p. 708 (4th ed.1996); 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 607.04[4] (2d ed.1997). Thus, nothing in this opinion prevents the plaintiff from seeking to exclude Dr. Freedenburg from testifying in the first instance, or from attempting to impeach him by introducing relevant facts which are probative of his credibility if he is permitted to testify.

 Finally, plaintiff requests that her counsel be permitted to accompany plaintiff to monitor the examinations and the conduct of the physicians. Defendant objects to the presence of plaintiff's counsel relying on cases that hold that this "constitutes a distraction and interjects an adversarial atmosphere into an objective inquiry." *See Romano v. II Morrow, Inc.,* 173 F.R.D. 271 (D.C.Or.1997); *Tomlin v. Holecek,* 150 F.R.D. 628 (D.C.Minn.1993); *Warrick v. Brode,* 46 F.R.D. 427 (D.C.Del.1969). While I acknowledge that there is authority to support the plaintiff's request, *see e.g. Vreeland v. Ethan Allen,* 151 F.R.D. 551 (S.D.N.Y. 1993); *Gensbauer v. May Dept. Stores Co.,* 184 F.R.D. 552 (E.D.Pa.1999), and that reasonable minds may differ on this issue, I find that, absent a compelling determination of need—which is not present in this case—a party's counsel should not be permitted to attend a Rule 35 examination. If plaintiff's counsel were permitted to attend, fairness would require the presence of defense counsel as well. It is difficult to imagine a more disruptive result than to convert what is intended to be a medical examination into an adversary proceeding attended by counsel, as other courts which have considered this issue have found. *See Warrick,* 46 F.R.D. at 428 ("The very presence of a lawyer for the examined party injects a partisan character into what should otherwise be a wholly objective inquiry."); *see also Dziwanoski v. Ocean Carriers Corp.,* 26 F.R.D. 595 (D.Md.1960) (holding same).

For the reasons stated above, it is this 26th Day of May, 1999, HEREBY ORDERED:

1. that Defendant's Motion to Order Physical and Mental Examination of the Plaintiff (Paper No. 23) is GRANTED;

2. that Plaintiff shall submit to the examinations on June 18, 1999 as indicated as already having been scheduled in defendant's underlying motion; in the event that plaintiff is unable to attend the examinations at this time, counsel for the parties shall confer and, to the extent possible, reschedule the examinations to be performed on the same date; and

**2.** The federal rules of evidence expressly recognize three methods of impeachment: impeachment by evidence of a poor character for truthfulness, or by evidence of prior bad acts (Rule 608), evidence of conviction of a qualifying crime (Rule 609), and impeachment by prior inconsistent statement (Rule 613). Although not expressly covered by the rules, three other methods of impeachment have been historically recognized by federal evidence law: impeachment by proving that a witness has an interest in the outcome of the trial, a bias, or motive to testify a particular way; impeachment by establishing that a witness has a diminished ability to perceive, remember or relate; and impeachment by introduction of contradictory facts.

3. that the Clerk of the Court shall mail copies of this Memorandum and Order to counsel of record.

