**Flora NICHOLAS and Paul Gayter, in their own right and as next friend of S.G., Plaintiff,**

v.

**WYNDHAM INTERNATIONAL INC., Wyndham Management Corporation, Sugar Bay Club & Resort Corporation, Rick Blyth and Bryan Hornby, Defendants.**

Civ. No. 2001–147 MR.

District Court, Virgin Islands, Appellate Division, D. St. Thomas and St. John.

Oct. 15, 2003.

Daryl C. Barnes, St. Croix, V.I., Joseph Petrosinelli, Washington, D.C., for plaintiffs.

Douglas C. Beach, St. Thomas, V.I., for defendants Wyndham International Inc., Wyndam Management Corp., Sugar Bay Club & Resort Corp., and Rick Blyth.

John A. Zebedee, St. Thomas, V.I., for defendant Bryan Hornby.

### MEMORANDUM

MOORE, District Judge.

Bryan Hornby ["Hornby"] objects to the magistrate judge's June 10, 2003, and August 8, 2003, orders imposing two conditions to allowing independent medical examinations. Hornby objects to the time restrictions imposed on the psychological examinations and the prohibition against video recording the examinations.

## I. FACTUAL AND PROCEDURAL BACKGROUND:

Plaintiffs Flora Nicholas and S.G., a minor, have sued Hornby and others for mental and physical injuries resulting from Hornby's alleged inappropriate sexual contact with S.G. In the course of discovery, Hornby and his co-defendants jointly moved to compel independent medical examinations ["IMEs"] of the plaintiffs and Andrew Gayter, the brother of the minor plaintiff. (Def.'s Mot. to Compel IME.) Hornby initially requested that the magistrate judge allow as much time for the examinations as their experts deemed necessary, arguing that the length of these examinations should be left solely to the professional judgment of their experts. (Def.'s Mot. to Compel IME at 4, 5.) It appears that Hornby's experts wanted to video or audio record the examinations while also using video conferencing equipment or two-way mirrors to allow a second expert the opportunity to observe the psychological portions of the examinations. (Pls.' Opp'n to Def.'s Mot. to Compel IMEs at 2.)

After consideration of Hornby's arguments as well as the plaintiffs' response, the magistrate judge ordered the plaintiffs to undergo thirteen hours of examination by Hornby's experts in the following proportions: six hours total with both parents, five hours total with S.G., and two hours total with Andrew Gayter.[1] (Order Regarding Def. Hornby's Mot. to Compel IMEs at 9–10.) The magistrate judge also ordered that Hornby's additional expert could observe the examination sessions through a two-way mirror or with video conferencing equipment, but that the sessions could not be recorded.

After Hornby's motion for reconsideration was denied, he filed his objections asking me to reduce the clinical examinations to twelve and one-half hours and allow for unlimited time to conduct psychological written tests. (Def.'s Objection to Orders to Compel IMEs at 1.) Hornby also requests that his experts be allowed to video record the examinations. Hornby argues that the plaintiffs have not provided any compelling evidence to limit the time of the examinations, and that in the absence of such evidence it was clear error for the magistrate judge to impose time restrictions. (Id. at 7–10.) Hornby also claims that his experts should be able to record the examination because there is a longstanding rule that courts should not intrude on how the examination is administered if the method of examination has scientific reliability. (Id. at 10–12.)

The plaintiffs assert that the magistrate judge has considerable discretion to limit the length and format of IMEs and that his orders should remain in place because they were not "clearly erroneous and contrary to law." (Pls.' Opp'n to Def.'s Objection to Orders to Compel IMEs at 10–14.) Additionally, the plaintiffs argue that the time limits are reasonable and that, contrary to Hornby's claim, there is a longstanding rule prohibiting video recording of IMEs. (Id. at 10, 11.)

## II. DISCUSSION:

### A. Standard of Review

Federal Rule of Civil Procedure 72(a) provides magistrate judges with discretion to resolve nondispositive discovery disputes. See FED. R. CIVIL. P. 72(a); LRCi 72.1; *National Gateway Telecom, Inc. v. Aldridge*, 701 F.Supp. 1104, 1119 (D.N.J.1988), *aff'd* 879 F.2d 858 (3d Cir.1989). A magistrate judge's ruling on a nondispositive matter may be reversed only if the order is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); LRCi. 72.1; *see also Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir.1992). Under this standard, I should affirm the magistrate judge's findings of fact unless I am left with "the definite and firm conviction that a mistake has been committed." Fed.R.Civ.P. 72(a); *Harrison v. Bornn, Bornn & Handy*, 200 F.R.D. 509, 513 (D.Vi.2001).

### B. Imposition of Time Limits on the Psychological Exams

Rule 35(a) of the Federal Rules of Civil Procedure allows a court to order a mental

---

1. The magistrate judge's order also gave the plaintiffs the option not to have Gayter undergo examination if they agreed to refrain from presenting any evidence or expert opinion regarding Gayter at trial.

or physical examination of a party when that party's mental or physical condition is in controversy in the suit. FED. R. CIVIL. P. 35(a). The court has the discretion to "specify the time, place, manner, conditions, and scope of the examination."

■ Hornby requests that I allow his psychologists unlimited time to administer written psychological tests, arguing that "courts usually decline to intrude upon the examiner's discretion to determine the scope, means, and timing of mental examinations when no compelling reason to do so has been articulated." (Def.'s Obj. to Orders to Compel IMES at 8.) The cases Hornby cites, however, do not mandate that medical examinations must proceed without any judicial restraints when the opposing side does not articulate a reason for their limitation; instead, these cases recognize the magistrate judge's broad authority to structure the time and manner of medical examinations. *See, e.g., Greenhorn v. Marriott Intern., Inc.*, 216 F.R.D. 649 (D.Kan.2003) (refusing to limit the plaintiff's psychological exam to two hours and noting that the court has broad authority to control discovery); *Abdulwali v. Washington Metro Area Transit Auth.*, 193 F.R.D. 10 (D.D.C.2000) (court exercised its discretion in declining plaintiff's request to videotape examinations).

■ Courts sometimes refuse to limit the time or structure of psychological exams when they find that such limits "would subvert the truth finding function inherent in Rule 35 examinations." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 196, 202 (N.D.Tex.1995). There is nothing to indicate a limit of thirteen hours for Hornby's psychologists to conduct their examinations might undermine the purpose of Rule 35. I can find nothing to support Hornby's contention that courts "usually" grant all the time requested by psychologists for examination when the opposing side does not articulate a reason for the limitation. Accordingly, the magistrate judge's decision to deny Hornby unlimited time to administer psychological tests was not "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); L.R. Ci. 72.1.

## C. Prohibition of video recording

Both sides argue that the law clearly supports their respective positions regarding video recording the clinical examinations. Hornby claims that his experts should be allowed to record the psychological examinations because there is a "longstanding rule" that courts should not intrude upon the expert's method of examination. (Def.'s Objection to Orders to Compel IMEs at 11.) Conversely, the plaintiffs claim that "the only longstanding rule in play here is the one prohibiting video or tape recording of IMEs." (Pls.' Opp'n to Def.'s Objection to Orders to Compel IMEs at 11.)

■ Contrary to the claims of both Hornby and the plaintiffs, there is no compelling "longstanding rule" on this issue. *See, e.g., Gavenda v. Orleans County*, 174 F.R.D. 272, 274 (W.D.N.Y.1996) ("There does not appear to be any well-settled law either requiring or prohibiting the recording of such examinations."). The only obvious trend in this area of law is that courts generally—but not always—prohibit video recording when there is a concern that allowing the recording will tend to make the examination adversarial. *See, e.g., Holland v. United States*, 182 F.R.D. 493, 496 (D.S.C.1998); *Tomlin v. Holecek*, 150 F.R.D. 628, 634 (D.Minn.1993); *but see Zabkowicz v. West Bend Co.*, 585 F.Supp. 635 (E.D.Wis.1984) (recording device allowed in the event psychiatric examination transformed into "de facto deposition").

■ As noted above, Rule 35 provides judges with considerable leeway to specify the time, place, manner, conditions, and scope of a mental examination. Given the lack of defined restrictions in this area, I conclude that the magistrate judge properly exercised this discretion under Rule 35 and that his decision was not "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).

## III. CONCLUSION

For the foregoing reasons, defendant Hornby's objections and request to modify the magistrate judge's June 10, 2003, and

August 8, 2003, orders will be denied. An appropriate order follows.