**Deborah GREENHORN, Plaintiff,**

v.

**MARRIOTT INTERN., INC., Marriott International Administrative Services, Inc, Fairfield FMC Corporation, and Larry Cox, Defendants.**

No. 02–2081–JWL.

United States District Court,
D. Kansas.

March 27, 2003.

John B. Gage, II, The Gage Law Firm, P.C., Overland Park, KS, for plaintiff.

James N. Foster, Jr., Robert D. Younger, McMahon Berger, St. Louis, MO, for defendants.

## MEMORANDUM & ORDER

LUNGSTRUM, District Judge.

Plaintiff Deborah Greenhorn filed suit against defendant alleging, among other things, sexual harassment, assault and battery, invasion of privacy, criminal sexual battery and intentional infliction of emotional distress. This matter is presently before the court on defendants' motion for an order directing plaintiff to submit to a mental examination pursuant to Federal Rule of Civil Procedure 35 (Doc. # 57). For the reasons set forth below, defendants' motion is granted with certain restrictions.[1]

■ In order to obtain the court's permission to conduct a mental examination of plaintiff, defendants must demonstrate that plaintiff's mental condition is "in controversy" and that "good cause" exists to conduct the requested examination. Fed.R.Civ.P. 35(a); *Schlagenhauf v. Holder,* 379 U.S. 104, 118–19, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964) ("Rule 35 ... requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination ... has adequately demonstrated the

---

1. Plaintiff contends that the court should not entertain defendants' motion because defendants have failed to make a reasonable effort to confer with plaintiff's counsel concerning this matter prior to filing their motion. *See* D. Kan. R. 37.2. After carefully reviewing the submissions of both parties, the court concludes that defendants complied with Local Rule 37.2 and, thus, resolves defendants' motion on the merits.

existence of the Rule's requirements of 'in controversy' and 'good cause'...."). [2] Significantly, the "in controversy" and "good cause" requirements of Rule 35

> are not met by mere conclusory allegations of the pleadings-nor by mere relevance to the case-but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.

*Schlagenhauf*, 379 U.S. at 118, 85 S.Ct. 234. As this court has previously stated, it "believes that the rule is consciously designed to be somewhat restrictive to guard against the use of requests for mental examinations as a tool for harassment, intimidation or delay in what courts have described as the 'garden variety' cases." *Thiessen v. General Elec. Capital Corp.*, 178 F.R.D. 568, 570 (D.Kan. 1998). As set forth below, the court finds that the allegations in plaintiff's amended complaint extend far beyond a mere "garden variety" claim for emotional distress. Indeed, plaintiff identifies several specific injuries that she claims to have suffered as a result of defendants' conduct. The court also finds that defendants have adequately demonstrated the "in controversy" and "good cause" requirements of Rule 35.

■ Defendants' motion is based on a variety of allegations made by plaintiff in her amended complaint. Defendants highlight, for example, plaintiff's allegation that defendants' conduct has caused her to sustain "lasting and permanent emotional ... injury in the form of ... emotional trauma causing insomnia, severe depression, avoidance, withdrawal, suicidal ideation, suspiciousness, so-

cial discomfort, low self-esteem, [and] resentfulness." Plaintiff also alleges that, because of defendants' conduct, she suffers from "persistent insomnia which has continued unabated to the present day, as well as serious and lasting emotional trauma." She claims that she has suffered and will continue to suffer in the future from "fear and apprehension of offensive physical touching," that her insomnia is so severe that she sleeps only 2–3 hours per night, and that she is "plagued by constant fatigue, has low motivation, has greatly diminished organizational skills, and has hallucinations causing her to see the face of Larry Cox on a relatively frequent basis." Significantly, plaintiff also seeks damages for "future medical expense" as a result of her alleged emotional trauma.

These allegations reflect plaintiff's contention that she has suffered specific injuries caused by defendants' conduct and reveal that plaintiff's claim for emotional distress is not simply a "garden variety" claim for emotional distress. In light of plaintiff's allegations,[3] the court finds that her mental condition is "in controversy" for purposes of Rule 35. *Gattegno v. Pricewaterhousecoopers, LLP*, 204 F.R.D. 228, 231–32 (D.Conn.2001) (granting motion to compel Rule 35 mental examination where plaintiff's complaint and discovery responses revealed a separate and independent claim for infliction of emotional distress and plaintiff sought damages for continuing mental anguish); *Turner v. Imperial Stores*, 161 F.R.D. 89, 93 (S.D.Cal.1995) (Rule 35 motions are typically granted when plaintiff alleges a specific mental or psychiatric injury or disorder or claims unusually severe emotional distress) (collecting cases and reviewing pertinent authorities).

---

**2.** Rule 35 provides, in relevant part, as follows: When the mental or physical condition (including the blood group) of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner.... The order may be made only on motion for good cause shown and upon notice to the person to be examined....
Fed.R.Civ.P. 35(a).

**3.** Plaintiff suggests in her papers that defendants cannot rely solely on the allegations in plaintiff's complaint to support their Rule 35 motion. Of

course, if plaintiff's allegations were conclusory, then defendant could not rely upon them. *Schlagenhauf*, 379 U.S. at 118, 85 S.Ct. 234 (requirements of Rule 35 not met by mere conclusory allegations in the pleadings). But plaintiff's allegations here are specific, detailed and plainly identify particularized injuries. As such, defendants are entitled to rely on those allegations. *Id.* at 119, 85 S.Ct. 234 (there are situations where the pleadings alone will be sufficient to meet the requirements of Rule 35 such as where the plaintiff specifically asserts a mental or physical injury).

■ The court also finds that good cause exists for a mental examination of plaintiff-a conclusion that is "necessarily related" to the court's conclusion that plaintiff has placed her mental condition "in controversy." *Schlagenhauf*, 379 U.S. at 118–19, 85 S.Ct. 234. In that regard, the court notes that the allegations made by plaintiff in her amended complaint are sufficiently serious and sweeping such that the average lay person might not be able to evaluate properly the nature, extent and cause of the injuries plaintiff claims to have sustained. In such circumstances, an independent examination is appropriate. *See, e.g., Pearson v. City of Austin*, 2001 WL 681663, at *2 (W.D.Tex. Apr.4, 2001) (finding good cause to order mental examination where plaintiff's allegations of injury were sufficiently complex and serious such that the claim was "not one that an objective fact-finder could evaluate and apportion"). Moreover, plaintiff has identified her own expert witness, presumably one whom she intends to call to testify at trial, who has diagnosed plaintiff with major depression and has indicated that plaintiff has symptoms of post-traumatic stress syndrome, presumably as a result of defendants' conduct. Thus, good cause exists for permitting the mental examination of plaintiff because, without the examination, defendants would be limited to cross-examining the evaluation of plaintiff's expert. *See Womack v. Stevens Transport, Inc.*, 205 F.R.D. 445, 447 (E.D.Pa. 2001) (good cause existed for requested Rule 35 examination because mere cross-examination of plaintiff's expert would be an "insufficient test of truth").

Accordingly, defendants' motion to compel a mental examination of plaintiff is granted. Rule 35, however, further requires that an order "shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Fed.R.Civ.P. 35(a). In their initial notice of the Rule 35 mental examination, defendants stated their intent to have plaintiff examined by Dr. Wayne A. Stillings, a licensed psychiatrist. According to an affidavit provided by Dr. Stillings, the necessary battery of tests to be performed on plaintiff would include the MMPI–2, the MCMI–III and the VIP tests. Dr. Stillings avers that it could take plaintiff anywhere from a total of four (4) hours to a total of eight (8) hours to complete these three tests. He further avers that his psychiatric examination of plaintiff could last "anywhere between three (3) and five (5) hours." Finally, Dr. Stillings requests that the testing and examination take place over the course of two days to provide plaintiff with sufficient rest.

■ Plaintiff vigorously objects to defendants' selection of Dr. Stillings. Indeed, the vast majority of plaintiff's argument in response to the Rule 35 motion is dedicated to expressing her concerns (based, in part, on court records from other cases) that Dr. Stillings is abusive and has a "predilection for ignoring court orders imposing conditions upon his examination of plaintiffs." Plaintiff directs the court to cases in which Dr. Stillings has been disqualified from further participation. She further contends that Dr. Stillings is "the most biased, defense-oriented expert currently in use by defense firms in St. Louis." Based on the information that plaintiff has obtained about Dr. Stillings, she urges the court to appoint a truly independent examiner.

Rule 35, however, does not require that the examination be conducted by an independent examiner. *See* Fed.R.Civ.P. 35(a). Moreover, as another district court has noted, while a defendant "may not have an absolute right to choose its examining doctor, the defendant's choice should be respected in the absence of a valid objection." *Chrissafis v. Continental Airlines, Inc.*, 1997 WL 534874, at *5 (N.D.Ill. Aug.21, 1997) (citing *Powell v. U.S.*, 149 F.R.D. 122, 124 (E.D.Va.1993)). As the court in *Chrissafis* continued:

> Defendants have had absolutely no say in determining which physician and expert plaintiff has chosen for the presentation of her case, why should plaintiff have more of a say in defendants' choice, absent some valid objection to that choice? . . . . Plaintiff wishes to proceed with her own paid expert, while at the same time denying Defendant the right to do the same. Apparently what is sauce for the goose is not sauce for the gander. We see no reason in

this case for not allowing the movant under Rule 35 to select the examiner.

*Id.; see also Powell,* 149 F.R.D. at 124 (plaintiffs' assertion that proposed examiner is "regularly employed by insurance companies and civil defendants" and is generally biased against plaintiffs insufficient to preclude appointment of examiner and did not constitute a valid objection). While plaintiff has certainly set forth some legitimate concerns about Dr. Stillings, those concerns are not sufficient to disqualify Dr. Stillings as the examiner for plaintiff's Rule 35 exam. *See Powell,* 149 F.R.D. at 124 (valid objection to examiner would be one where, for example, plaintiff demonstrated that the physician had a business or social relationship or attorney-client relationship with the attorney representing the defendant). Moreover, plaintiff's concerns can be adequately addressed through the imposition of certain restrictions upon Dr. Stillings' examination of plaintiff. Thus, the court is unwilling to deny defendants the examiner of their choice. *See Lahr v. Fulbright & Jaworski, L.L.P.,* 164 F.R.D. 196, 202–03 (N.D.Tex.1995) (plaintiff failed to set forth valid objection to defendant's use of proposed examiner where plaintiff failed to establish any particular bias or prejudice against plaintiff on the part of the physician and failed to establish any special relationship between the examiner and defendant or defendant's counsel).[4]

Anticipating the court's conclusion to permit Dr. Stillings to conduct the examination, plaintiff seeks to have the court impose various limitations on that examination. Specifically, plaintiff wants Dr. Stillings' psychiatric examination of plaintiff limited to two hours in duration, as opposed to the three- to five-hour estimate provided by Dr. Stillings. She further asks the court to require Dr. Stillings to deliver to plaintiff copies of her answer sheets, test booklets and any instructions immediately after the completion of each test. In addition, plaintiff asks the court to limit the disclosure of plaintiff's test results to the lawyers in this case and to preclude anyone from disseminating those results to defendants. Plaintiff requests that her coun-

sel or some third-party be present during the examination or, in the alternative, that the court require Dr. Stillings to tape-record the examination. Should the court order that the examination be recorded, plaintiff further requests that the tape recording be provided to plaintiff (and not to defendants or their counsel) for a two-week period to enable plaintiff and her counsel to review the tapes and decide whether the tapes reveal any misconduct on the part of Dr. Stillings, including eliciting attorney-client privileged information. Finally, plaintiff requests that the court prohibit Dr. Stillings during his examination of plaintiff from inquiring into any non-work-related sexual matters or sexual matters with co-employees other than defendant Larry Cox.

■ The court has broad authority under Federal Rule of Civil Procedure 26(c) to limit or otherwise control discovery, including psychological examinations authorized pursuant to Rule 35. *See, e.g., Stoner v. New York City Ballet Co.,* 2002 WL 31875404, at * 3 (S.D.N.Y. Dec.24, 2002). In determining whether an examination should be permitted and on what terms, the court must determine whether good cause has been shown to justify the request. *Id.* (citations omitted). Bearing these standards in mind, the court turns to plaintiff's specific requests, beginning with her request that the court limit Dr. Stillings' clinical examination to two hours in duration. Plaintiff offers no basis for her request other than her fear that Dr. Stillings' examination, if permitted to continue for more than two hours, will become a "de facto deposition" of plaintiff, a fear that is addressed by the requirement, explained below, that Dr. Stillings tape-record his sessions with plaintiff. Moreover, plaintiff has not shown (or even suggested) that Dr. Stillings' suggestion that the examination will last anywhere from three to five hours is unreasonable, particularly given the seriousness and extensiveness of the injuries allegedly sustained by plaintiff as described in her complaint. For these reasons, the court declines to impose a two-hour time limitation on plaintiff's examination. *See, e.g., Stoner,* 2002 WL

**4.** Of course, nothing in the court's opinion today prevents plaintiff from attempting to impeach Dr. Stillings at trial using matters raised in plaintiff's papers.

31875404, at *5 (rejecting plaintiff's request that the Rule 35 examination be limited to two ninety-minute sessions and permitted examiner to conduct examination in two four-hour sessions in part because of seriousness of allegations made by plaintiff and because plaintiff offered no persuasive evidence that the amount of time was unreasonable for a forensic psychiatric evaluation); *Abdulwali v. Washington Metro Area Transit Authority*, 193 F.R.D. 10, 15 (D.D.C.2000) (rejecting plaintiff's request that the Rule 35 examination be limited to three hours where plaintiff failed to offer any basis for the limitation and to do so would subvert the truth-finding function inherent in Rule 35 examinations).

■■■ The court sees no reason why plaintiff should not be provided with a copy of any answer sheets she completes, the corresponding test booklets, and any written instructions accompanying those test booklets immediately upon completion of the tests and the court will grant plaintiff's request in that regard. As for plaintiff's request for her counsel or some third-party to be present during the examination, the court believes that the presence of a third-party "can only threaten to turn the examination into a more adversarial process than it should be." *See Stoner*, 2002 WL 31875404, at *5 (rejecting request to permit plaintiff's expert to be present during Rule 35 examination). However, the court will require Dr. Stillings to tape-record his sessions with plaintiff in light of plaintiff's concerns (and, more specifically, in light of evidence in the record suggesting that plaintiff's concerns are legitimate) about Dr. Stillings' conduct during such examinations. *See id.* at *6 (rejecting request for presence of third party, but requiring examiner to tape-record sessions). Furthermore, Dr. Stillings is directed to deliver the tapes to plaintiff's counsel immediately upon completion of his examination of plaintiff and the court will permit plaintiff's counsel to have sole possession of the tapes for seven days in order to permit plaintiff to seek further relief in this regard if necessary. *See id.* This limitation will not affect Dr. Stillings' ability to prepare a report and furnish it to counsel. After seven days, the tapes (or copies thereof) shall be provided to defendant's counsel. Finally, with respect to plaintiff's request

that the court prohibit Dr. Stillings from inquiring about plaintiff's non-work-related sexual activities and sexual matters between plaintiff and her co-employees, the court will not so limit her mental examination. This is a sexual harassment case. Plaintiff asserts that the conduct of defendants has caused her current mental state and several specific injuries. To validly assess her mental state and her injuries, the examiner must have leave to make relevant inquiries. As Judge Rushfelt of this district has noted, "[t]o prohibit inquiry into private sexual activities may unreasonably restrict exploring the history of plaintiff relevant to this case." *See Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620 (D.Kan.1999) (permitting examiner to inquire about private sexual activities in sexual harassment case and concluding that such inquiry did not run afoul of Federal Rule of Evidence 412 because such inquiries were relevant to the evaluation of the cause and extent of psychological injuries claimed by plaintiff). The court assumes that Dr. Stillings will exercise sound professional discretion in making such inquiries and will not pursue private information that is wholly unrelated to plaintiff's claims of injury and emotional distress. Finally, any concerns about plaintiff's privacy interests in this regard will be addressed by limiting the disclosure of the results of plaintiff's examination, including any test results, to the attorneys and experts in this case until further court order. *See Lahr*, 164 F.R.D. at 202.

To summarize, plaintiff is ordered to submit to a mental examination to be conducted by Dr. Stillings over the course of two days. Dr. Stillings is permitted to administer the MMPI–2, the MCMI–III and the VIP tests and to conduct a psychiatric evaluation of plaintiff. The court declines to place a time limit on the psychiatric evaluation portion of the examination. Plaintiff is not permitted to have another person present with her during the examination, but Dr. Stillings is directed to tape-record his sessions with plaintiff using an audio tape-recording device. Those tapes shall be delivered to plaintiff's counsel immediately upon completion of the examination and, after seven days, plaintiff's counsel shall deliver the tapes (or copies

thereof) to defendant's counsel. No results of plaintiff's examination shall be disseminated to anyone other than experts or attorneys associated with this case and plaintiff shall be provided with a copy of her answer sheets, test booklets and any written instructions upon completion of the tests. Finally, Dr. Stillings is not precluded from inquiring into plaintiff's non-work-related sexual matters or any sexual matters concerning plaintiff and her co-employees.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion for an order directing plaintiff to submit to a mental examination (doc. # 57) is granted subject to the limitations set forth in this order.

IT IS SO ORDERED.