Agnes, A.J.
1.Introduction
This is a civil action in which the plaintiff alleges that she was injured as a result of the negligent operation of a motor vehicle by defendant Timothy Gagliardo who was operating a motor vehicle which struck her vehicle in the rear on May 18, 2000. The case was originally filed in the Clinton District Court and thereafter removed to the Superior Court. Plaintiff alleges that she suffered a herniated disk as a result of the collision, and continues to suffer headaches, neck pain and low back pain among other things. Her treating physician reports that she “carries a long history of pain syndromes from the medical records,” and, as of June 2002, the plaintiff suffers “intractable pain syndrome with symptoms of chronic fibromyalgia and occipital neuralgia, causing a severe headache,” and that she is “totally disabled, and in view of her non-further improvement of her physical function, it is permanent in nature.” Her treating physician adds that “(t]he loss of physical function is about 5% of her whole body . . .” Letter of Dr. Moo Kim dated June 4, 2002. The plaintiff has identified two physicians, including Dr. Moo, as expert witnesses who will testify at trial.
2.Relief Requested
The defendant maintains that under Mass.R.Civ.P. 35, because plaintiff has put her physical and mental condition in issue and alleges permanent injuiy, he is entitled to have his own designated physician examine her “for no more than 90 minutes.” The defendant opposes the request on grounds that the Tracking Order provides that discovery is to be completed on or before September 8, 2003, and that in any case, an examination should be conducted, if at all, by a neutral physician selected by the court and should be limited in scope and duration.
3.Motion for Rule 35 Examination: Overview
Rule 35(a) of the Massachusetts Rules of Civil Procedure, 365 Mass. 793 (1974), provides, in part, as follows: “When the mental or physical condition ... of a parly ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician .. . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person and persons by whom it is to be made.” Rule 35 thus requires a two-part showing for a trial judge to exercise discretion to order a physical examination of a party. The moving party must demonstrate that the subject party’s (1) physical condition is in issue and (2) the moving party demonstrates “good cause.” Mass.R.Civ.P. 35(a). The rule requires a greater showing of need than is met merely by demonstrating that such an examination will yield relevant evidence. Doe v. Senechal, 431 Mass. 78, 81 (2000). Accord Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964) (interpreting the corresponding federal rule and noting that “(t]he specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by rule 26(b)”). Thus, simply because a party has been involved in a motor vehicle accident and alleges negligence is not cause warranting a Rule 35 examination. Id. at 121. The “good cause” requirement, however, does not mean that the moving party must prove his or her case on the merits to obtain a Rule 35 order. Id. The matter is ordinarily determined on the papers. Id. A trial judge has broad discretion in making these determinations. Doe, supra, 431 Mass, at 84.[1]
4.Application of Rule 35’s Two-part Test
The first prong of the test is satisfied in this case because the plaintiffs physical condition, including whether she has a permanent disability and suffers from chronic pain syndrome, relates directly to the proof her claim. See Doe, supra, 431 Mass, at 82. See also Lauriat, McChesney, Gordon and Rainer, Discovery §7.7 (49 Mass. Prac. 2002). The second prong of the test is also satisfied on the facts before the court because there has been no prior examination of the plaintiff, the information gained from a physical examination of the plaintiff is highly relevant to the issues that are central to the plaintiffs case, does not pose a *190 serious risk of harm, pain, or undue embarrassment to the plaintiff, does not include a proposal for tests of uncertain validity or value, and the information sought is not available from other means such as by questioning the plaintiffs expert witnesses. Id. at 84. See Greenhorn v. Marriot Intern, Inc., 216 F.R.D. 649, 652 (D.Kan. 2003), quoting Womack v. Stevens Transport, Inc., 205 F.R.D. 445, 447 (E.D.Pa. 2001) (“Mere cross-examination of plaintiffs expert would be an insufficient test of truth”). See also Lauriat, McChesney, Gordon and Rainer, Discovery §7.8 (49 Mass. Prac. 2002).
5. Selection of the Physician Examiner
The plaintiff also objects to the defendant’s proposal for a physician[2] selected by the defendant to conduct the examination, and urges the court to appoint an independent examiner. “Rule 35, however does not require that the examination be conducted by an independent examiner, . . . [and] while a defendant may not have an absolute right to choose its examining doctor, the defendant’s choice should be respected in the absence of a valid objection.” Greenhorn, supra, 216 F.R.D. at 652 (quotations omitted). Concerns that a physician selected by the defendant typically testifies for insurance companies or for defendants in general, for example, is not a valid objection. No restriction is placed on the selection of an expert witness by the plaintiff, and none should be arbitrarily imposed on the defendant. On the other hand, selection of an examining physician who has a special relationship with the defendant or the defendant’s counsel would constitute a valid objection. Id.
6. Procedure for Conducting the Test
A further concern is over the nature of the examination to be conducted. For example, in his dissenting opinion in Schlagenhauf v. Holder, 379 U.S. 104, 125 (1964), the leading decision of the United States Supreme Court on the scope of Fed.R.Civ.P. 35 and a case that was relied upon by the Supreme Judicial Court in Doe v. Senechal, supra, Justice Douglas expressed concerns that physicians conducting examinations of parties under Rule 35 might go on “fishing expeditions” in which they could roam far and wide in the privacy of their offices to the disadvantage of unrepresented patients. For this reason, Rule 35 requires the court, in ordering a physical or mental examination, to “specify the time, place, manner, conditions, and scope of the examination.” While the court assumes that the physician selected by the defendant will be a licensed medical doctor in good standing under Massachusetts law, see Lauriat, McChesney, Gordon and Rainer, Discovery §§7.15 (49 Mass. Prac. 2002), and will conduct the examination in a professional manner, it is nonetheless appropriate to add the following conditions: (1) the examination will consist of a physical examination (including the movement and manipulation of bodily parts) in the privacy of the doctor’s office under conditions applicable to the care and treatment of any other patient; (2) the physician may inquire of the plaintiff about matters relating to his condition before and following the events that are the subject of this case and his treatment to date, but not about the events that led up to the incident or other questions relating to liability or comparative negligence; and (3) the physician is not permitted to conduct any diagnostic tests that involve an invasion of the plaintiffs bodily integrity such as a blood test or the placing of a scope inside the body, X-ray radiation, or offsite visits to another health care provider or medical establishment without prior approval of the court. [3] The costs associated with the examination (other than the transportation and parking costs incurred by the subject party and the costs of the subject party’s own physician, see below) are the responsibility of the moving party.
7.Persons Who May Be Present During the Examination
A physical examination in accordance with Mass.R.Civ.P. 35 is not an adversarial proceeding. Therefore, except under unusual circumstances, attorneys or agents of attorneys should not be present, but the party may be accompanied by a family member or other appropriate companion or guardian. Mass.R.Civ.P. 35 is silent with respect to whether the parly to be examined may be accompanied by his or her own physician. Cases under Fed.R.Civ.P. 35 have reached differing results. There is no reason to suppose that the presence of the subject own’s treating physician or expert physician will impede or interfere with the conduct of the examination provided that any such accompanying physician is limited to playing the role of an observer. Accordingly, absent special circumstances, the subject party’s own physician is entitled to be present for the examination.
8.Recording of the Physical Examination
Mass.R.Civ.P. 35 is silent with respect to whether the examining physician or the subject party has a right to audio or video record the examination. Absent an order of the court, no such recordings are permitted. See Lauriat, McChesney, Gordon and Rainer, Discovery §7.18 (49 Mass. Prac. 2002).
9.
The plaintiff also maintains that the defendant’s motion should be denied because the Tracking Order under Superior Court Standing Order 1-88 provides that discovery should be completed by September 8, 2003. The time standards established by this court may not be disregarded by the parties. However, in light of the fact that (1) the discovery that is sought is highly relevant to the fact issues in this case, (2) the defendant will pay the costs of the discovery sought, (3) little, if any, expense will be incurred by the plaintiff, (4) the plaintiff has not pointed to any prejudice that she will suffer as a result of being required to undergo a physical examination, and (5) the case is *191 not yet scheduled for trial, the Tracking Order will be amended to permit the physical examination to be conducted within 60 days of the date of this order.
ORDER
For the reasons and subject to the conditions set forth above, the defendant’s motion under Mass.R.Civ.P. 35 for a physical examination of the plaintiff to be conducted by a physician who is licensed by the Commonwealth of Massachusetts and in good standing and whose identity will be made available to the plaintiff in advance is ALLOWED. The parties are directed to confer and agree on a convenient time and place for the examination. Following the examination, the plaintiff enjoys the right to exercise the provisions of Mass.R.Civ.P. 35(b) regarding a report of the examining physician.

 Any examination of a party, whether it relates to a person’s physical or mental health, involves an invasion of privacy that should not be undertaken lightly. A motion for a Rule 35 examination should be as detailed as possible and accompanied by an affidavit and a proposed order containing a specification of “the time, place, manner, conditions, and scope of the examination and the person and persons by whom it is to be made.” Mass.R.Civ.P. 35(a). See R.R.K. v. S.G.P., 400 Mass. 12, 19 (1987) (Liacos, J., concurring). For an excellent discussion of the applicable law and helpful forms to use in connection with such motions see Lauriat, McChesney, Gordon and Rainer, Discovery §§7.1-7.24 (49 Mass. Prac. 2002). In the present case, although the defendant did not submit an affidavit, he did submit a detailed Memorandum of Law and attachments which include a report by the plaintiffs expert.

 It should be noted that Mass.R.Civ.P. 35(a), unlike its federal counterpart, limits the person who may conduct a physical or mental examination to a “physician.” Some take the position that the Massachusetts rule should be interpreted more expansively to permit examinations by psychologists and other professionals as in the federal system. See Lauriat, McChesney, Gordon and Rainer, Discovery §§7.2 & 7.15 (49 Mass. Prac. 2002).

 Counsel for the moving party and the party in opposition should address these issues in their Superior Court Rule 9A materials, and counsel for the moving party should include specific details about the examination conditions and procedure in the Proposed Order that should be submitted along with the motion for an examination.