Agnes, A.J.
*356 1. Introduction
This is a civil action in which the defendants, Youth Opportunities Upheld, Inc. (YOU, Inc.), Maurice Boisvert, Paul Kelleher, Michelle Hirst, Maria L. Doyle and Renee Scansaroli (“defendants”) invoke Mass.R.Civ.P. 35 and seek an order to compel the plaintiff, James Palmer, III, (“plaintiff’) to submit to a “psychiatric examination by a physician, psychiatrist, psychologist or LICSW chosen by the defendant.”[1]
The facts pertinent to the resolution of the defendants’ motion are not in dispute. This case involves allegations of sexual abuse of the plaintiff by third-party defendant Ronald L. Hewitt (“third-party defendant”) when the plaintiff was a minor (date of birth: August 21, 1984). The alleged abuse occurred during a respite foster care stay with the third-party defendant on or about June 29, 2001. The allegations of negligence against the defendant YOU, Inc., its servants, agents and/or employees stem from YOU, Inc.’s alleged negligent approval of the third-party defendant and/or his household for respite care and/or the alleged negligent supervision of the third-party defendant.
The plaintiff claims that he has sustained emotional injuries as a result of being sexually assaulted by the third-party defendant. The plaintiffs alleged injuries includ e Bipolar Disorder with Psychotic Features, Post Traumatic Stress Disorder, and suicidal ideation. The defendants have filed a motion to compel the plaintiff to submit to a “psychiatric examination by a physician, psychologist or LICSW (presumably, a reference to a “Licensed Certified Social Worker”) chosen by the defendants.” In support of their motion, the defendants have attached portions of answers to interrogatories containing the identity of plaintiffs expert witnesses, and a general description of their anticipated testimony.
2. Discussion
A motion for an examination under Mass.R.Civ.P. 35(a) is not allowed as a matter of routine even though it is within the discretion of the court. This court recently had occasion to consider a motion for a physical examination under Mass.R.Civ.P. 35 in the context of a tort action in which the plaintiff alleged that she was injured as a result of the defendant’s negligent operation of a motor vehicle, and that she suffered a herniated disk. Her treating physician reported that her medical records reflected a long history of pain syndromes, and that she suffers “intractable pain syndrome with symptoms of chronic fibromyalgia and occipital neuralgia, causing a severe headache.” After discussing the applicable case law, state and federal, this court allowed the defendant was entitled to conduct a physical examination under Mass.R.Civ.P. 35 by a licensed physician subject to the following conditions: “(1) the examination will consist of a physical examination (including the movement and manipulation of bodily parts) in the privacy of the doctor’s office under conditions applicable to the care and treatment of any other patient; (2) the physician may inquire of the plaintiff about matters relating to his condition before and following the events that are the subject of this case and his treatment to date, but not about the events that led up to the incident or other questions relating to liability or comparative negligence; and (3) the physician is not permitted to conduct any diagnostic tests that involve an invasion of the plaintiffs bodily integrity such as a blood test or the placing of a scope inside the body, X-ray radiation, or off-site visits to another health care provider or medical establishment without prior approval of the court.” DaSilva v. Gagliardo, 17 Mass. L. Rptr. 141, Worcester Superior Court No. 200202393 (December 30, 2003).

1. The “In Controversy” Requirement.

In reviewing a Rule 35 motion, the court must determine whether the moving party has established that the other party’s “physical or mental condition” is “in controversy.” The seminal case is Schlagenhauf v. Holder, 379 U.S. 104 (1964), interpreting the same language in the corresponding federal rule. The Supreme Court concluded that Federal Civil Procedure Rule 35 is not met by either conclusoiy allegations nor by a showing of simple relevance. Schlagenhauf, 379 U.S. at 118. The Supreme Court held that the “in controversy standard” imposes a stricter burden than that of mere relevance. Id. The Court in Schlagenhauf recognized that “there are situations where the pleadings alone are sufficient to meet the requirements.” Id. at 119. When a plaintiff in a negligence action asserts mental or physical injury, [“that plaintiff’] places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. Id.
General allegations of emotional distress, i.e. “garden variety emotional distress,” do not satisfy the “in controversy” requirement. Cody v. Marriott Corp., 179 F.R.D. 421, 422-23 (D.Mass. 1984). However, the requirement is met where a plaintiff claims an ongoing specific mental or psychiatric injury or disorder. Blount v. Wake Elec. Membership Corp., 162 F.R.D 102, 107-08 (E.D.N.C. 1993) (plaintiffs claim of personal injury placed both his physical and mental conditions in controversy). Shepherd v. American Broad Cos., Inc., 151 F.R.D. 194, 212-13 (D.D.C. 1993) (plaintiffs claim of Post Traumatic Stress Disorder placed her mental condition at issue). The requirement is also usually met where the plaintiff intends, to offer expert testimony supporting the claim of specific mental or physical injury. Tomlin v. Holecek, 150 F.R.D. 409, 411 (N.D.Ill. 1994) (plaintiff s intention to call an expert witness). Anson v. Fickel, 110 F.RD. 184, 186 (N.D.Ind. 1986) (expert witness to be called by plaintiff).
In the case at bar, the plaintiff placed his mental condition directly in controversy by alleging in his pleadings that his current Bipolar Disorder, PostTrau *357 matic Stress Disorder, and suicidal ideation are the result of the alleged sexual assault for which the defendants are negligent, and thereby responsible. Moreover, the plaintiff placed his mental condition in controversy by answering interrogatories indicating that he intends to call an expert witness to testify to his mental condition. As such, the “in controversy” requirement has been met by both the plaintiffs pleadings and documentation from the discovery process.

2. “Good Cause Shown" Requirement.

Under Rule 35, a motion for mental examination is addressed to the court’s sound discretion and depends upon a showing of good cause. R.R.K v. S.G.P., 400 Mass, 12, 19 (1987). In Schlagenhauf, supra, the Supreme Court recognized that the “good cause” requirement imposes a higher standard than the ordinary requirement of relevance on the movant and is in addition to the “in controversy” requirement. Schlagenhauf, 379 U.S. at 117-18 (emphasis added). The Court went on to state that in determining whether “good cause” exists for ordering an examination that the “ability of the movant to obtain the desired information by other means is also relevant.” Id. at 118-19.
Courts have relied on this language to find that good cause for ordering an examination may be lacking if the party’s mental or physical condition can be established by referring to prior examinations or other documentary evidence. DeCrescenzo v. Maersk Container Serv. Co., 741 F.2d 17, 21 (2d Cir. 1984). In DeCrescenzo, a personal injury case, the trial court, upon remand, was charged with determining whether the prior physical examination of plaintiff was sufficient for the defendant’s purposes, thereby obviating the need for an additional examination. Id. However, if the party to be examined has alleged an ongoing injury, a prior examination will probably not provide an adequate basis for the opposing party to evaluate the alleged condition. Duncan v. Upjohn Co., 155 F.R.D. 23, 25 (D.Conn. 1994). In Upjohn, even a voluminous production of medical records did not negate the defendant’s good cause to conduct a mental examination of the plaintiff who was alleging ongoing mental harm. Id.
The movant “need not prove his case on the merits” nor is there a need for “an evidentiary hearing ... in all cases,” but the movant “must produce sufficient information, by whatever means, so that the trial judge can fulfill his function” under the rule. Schlagenhauf, 379 U.S. at 119. Among the factors the courts may consider in evaluating whether good cause exists are:
Whether the movant has exhausted all other means of discovery. DeCrescenzo, supra, 741 F.2d at 21.
Whether there are any other sources for this information or whether the examination will be the only source of evidence on the issue. Id.
Whether the movant already has such information in its possession. Acosta v. Tenneco Oil Co., 913 F.2d 205, 209 (5th Cir. 1990).
Whether the party to be examined will assert the condition at trial and present expert testimony of his/her own in support of the claim. Tomlin, supra, 150 F.R.D. at 411.
Whether the requested examination presents a risk of harm to the examinee. Stinchcomb v. U.S., 132 F.R.D. 29 (E.D.Pa. 1990).
The age and condition of the person to be examined. Id. at 30.
The fact that the party opposing the examination has provided reports of all prior examinations and medical reports does not preclude a Rule 35 examination where it is appropriate, for example, where the plaintiffs injuries are ongoing and a change in condition may have occurred. Duncan, 155 F.R.D. at 25.
In the case at bar, the plaintiff intends to assert his alleged mental condition at trial and present expert testimony to support his assertion. The plaintiff, though a minor at the time of the alleged sexual assault, is now an adult. Although there are other sources for the information, specifically from the plaintiffs own expert witnesses, the defendants should not necessarily be precluded from the opportunity to conduct their own examination based on the plaintiffs compliance with other discovery, such as interrogatories or requests for the production of documents.
The burden to show good cause rests upon the movant, here the defendants. They have established that the plaintiff intends to make his physical and mental condition a special issue at trial, but no more. In the case at .bar, the defendants have not made a sufficient showing of “good cause” to the degree necessary to order a Rule 35 examination. The defendants will need to supply the court with additional information as described above and in Schlagenhauf, in order for the good cause requirement to be reached.

3. Who may conduct the examination?

Under Rule 35, the examination must be conducted by a “physician.” Id. Mass.RCiv.P. 35 itself does not define the term “physician,” and thus it is not clear from the face of the rule whether 35 allows examinations by any type of expert other than a physician. Lauriat, McChesney, Gordon, and Rainer, Discovery §7.2, at 587 (49 Mass. Practice 2002). Smith and Zobel opine that it “should probably be limited to an individual licensed to practice medicine in Massachusetts.” James W. Smith & Hiller B. Zobel, Massachusetts Practice, Rules Practice, Rules 17-37 vol. 7 §35.5, 386 (1st ed., West Pub. Co. 1975) [hereinafter Smith & Zobel, Mass. Practice]. Others assert that the rule should be interpreted more broadly. Lauriat et al., Discovery, at §7.2, at 587.
*358 “Because the Massachusetts Rules of Civil Procedure are patterned after the Federal rules, we interpret our rules consistently with the construction given their Federal counterparts, absent compelling reasons to the contraiy or significant differences in content.” Strom v. American Honda Motor Co., 423 Mass. 330, 335 (1996), quoting Rollins Envtl. Servs., Inc. v. Superior Court, 368 Mass. 174, 180 (1975) (internal quotations and citations omitted). This principle of construction applies fully when a Massachusetts Court is faced with the task of interpreting a Massachusetts rule that contains language identical to that of a federal rule after which it was patterned.[2] However, when the analogous federal rule has been amended, as in this case, this principle of construction does not necessarily have the same force, especially if there is any indication that differences in language between a Massachusetts rule and the analogous federal rule reflect differences in policy or if the amended federal rule is in conflict with another rule, a statute, or any settled Massachusetts practice. See, e.g., Robinson v. Prudential Ins. Co. of America, 56 Mass.App.Ct. 244, 248-51 (2002) (court concludes that the term “medical examination," as it is used in G.L.c. 175, §124, means an examination by a “physician” only as opposed to a nurse or nurse practitioner; “While we recognize that nurses and nurse practitioners now assume many of the duties of physicians, and at less cost, if the term ‘medical examination’ in 124 is to be interpreted contrary to both its original meaning and its ordinary lexical definition, the change should be made by the Legislature”). “Otherwise, amendments to an analogous federal rule should be regarded as persuasive evidence (though not binding authority) of how a comparable Massachusetts rule of procedure should be interpreted because of the desirability of national uniformity, particularly in a matter such as this, which is likely to involve litigants with contacts in many jurisdictions.” Strom v. American Honda Motor Co., Inc., 423 Mass. 330, 335 (1996). See also Clean Harbors of Braintree, Inc. v. Board of Braintree, 415 Mass. 876, 885 n. 8 (1993) (“We give our rules the construction given to the Federal Rules of Civil Procedure, absent compelling reasons to the contrary”); Dinsdale v. Commonwealth, 39 Mass.App.Ct. 926, 928 (1995) (“The Massachusetts Rules of Civil Procedure are construed in conformity with the Federal Rules of Civil Procedure absent compelling reasons to the contrary”). To interpret Mass.R.Civ.P. 35(a) as limited to physical or mental examinations by a “physician” would not only be contraiy to developing trends in the national law of civil procedure, but would impose restrictions on the court’s discretion and perhaps expenses on the parties that are unnecessary to achieve the policy goals of the rule. It is important to consider that the Massachusetts Rules of Civil Procedure “shall be construed to secure the just, speedy, and inexpensive determination of every action.” Mass.R.Civ.P. 1 (2004). Rule 35 is a “rule of practice.” O’Connor v. City Manager of Medford, 7 Mass.App. 615, 617 (1979). Thus, it should be interpreted to secure the just, speedy, and inexpensive determination of the action. Gilmore v. Gilmore, 369 Mass. 598, 602 (1976). This interpretive principle suggests the wisdom of interpreting Mass.R.Civ.P. 35 in a manner that is consistent with the current federal rule.[3]
Until 1988, the federal rule was identical to the Massachusetts rule in limiting the examination to physicians. In 1988, Fed.R.Civ.P. 35(a) was amended to read that a court could order a party to submit to a “physical examination by a physician, or mental examination by a physician or psychologist . . .” The federal rule was amended again in 1991. The current version of Fed.R.Civ.P. 35(a) now provides that a court may order a party to submit to “a physical or mental examination by a suitably licensed or certified examiner . . .” The Advisory Committee Note to this 1991 amendment to the federal rule provides that “(t]he rule was revised in 1988 by Congressional enactment to authorize mental examinations by licensed clinical psychologists. This revision extends that amendment to include other certified or licensed professionals such as dentists, or occupational therapists who are not physicians or clinical psychologists, but who may be well qualified to give valuable testimony about the physical or mental condition that is the subject of dispute.”
Rule 35(a) is designed, in part, “to level the playing field” between the parties when one parly chooses to place its physical or mental condition in issue in a special way. See Ragge v. MCA/Universal, 165 F.R.D. 605 (C.D.Cal. 1995). As a discovery procedure, rule 35(a) should be interpreted liberally to effectuate its purpose. Lahr v. Fulbright & Jaworski, LLP, 164 F.R.D. 196 (N.D. Texas), aff'd, 164 F.R.D. 204 (1996). In this case, the plaintiff has not pointed out any Massachusetts authority that suggests it would be inappropriate to broaden the scope of the persons who may conduct Rule 35(a) examinations beyond physicians. Thus, in keeping with the design of Fed.R.Civ.P. 35(a), an examination of a party ordered by the court under Mass.R.Civ.P. 35(a) may be conducted by a physician or any suitably licensed or certified examiner.
4. Other procedural requirement.
Under Mass.R.Civ.P. 35(a), the movant is required to request the order only by way of a motion and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. Mass.R.Civ.P. 35(a) (2004). In the case at bar, the movant has failed to make the requisite specifications to the plaintiff — the potential examinee — and to all other parties, in order to satisfy the notice requirement. These specifications need to include time, place, manner, condition, scope, and the credentials and qualifications of the proposed examiner(s). Otherwise, the court is unable to properly *359 exercise its discretion under the rule. As such, the motion is not in compliance with the requirements of the Mass.R.Civ.P.35(a).

5. Order.

The importance of a Rule 35 examination cannot be overstated in those cases where a party has placed his or her mental or physical condition at issue. It is a powerful and valuable discovery tool. This examination may be the only real opportunity for a party to ascertain the nature, extent or even existence of the alleged injuries. An examination may provide insight to the defendant as to whether to proceed to trial or to settle.
For the above reasons, the defendants’ motion to compel the plaintiff to undergo a mental examination pursuant to Mass.R.Civ.P. 35(a) is DENIED WITHOUT PREJUDICE. The defendant may renew the motion to compel a mental examination in accordance with this opinion.

The text of Mass.R.Civ.P. Rule 35 is as follows: “Physical and Mental Examination of Persons: a) Order for Examination. When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.” Mass.R.Civ.P. 35(a) (2004).

For example, in Van Christo Advertising, Inc., v. M/A-COM/LCS, 426 Mass. 410, 414 (1998), the Court noted that “[t]he Massachusetts Rules of Civil Procedure, adopted in 1974, were patterned on the Federal Rules of Civil Procedure, Giacobbe v. First Coolidge Corp., 367 Mass. 309, 315 (1975), and the text of our rule 11(a) continues to be virtually identical to the text of its Federal analog prior to the latter’s amendment in 1983. In construing our mies, we follow the construction given to the Federal rules ‘absent compelling reasons to the contrary or significant differences in content.’ Rollins Envtl. Servs., Inc. v. Superior Court, 368 Mass. 174, 179-80 (1975). We see no reason to depart from this principle of construction here and, in applying our rule 11(a), we shall rely on the construction given to the pre-1983 version of Fed.R.Civ.P. 11.”

Of course, there may be sound reasons in any specific case why a court should order that a Rule 35(a) examination should be conducted by a physician as opposed to another licensed professional.