**Opinion issued February 12, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00427-CV

————————————

**IN RE TYPHOON TEXAS WATERPARK, TYPHOON WATERPARK OF TEXAS, LLC, WP VENTURES, LLC, AND WP VENTURES #2, LLC, Relators**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relators Typhoon Texas Waterpark, Typhoon Waterpark of Texas, LLC, WP Ventures, LLC, and WP Ventures #2, LLC (collectively, Typhoon Texas) seek mandamus relief concerning the trial court's May 19, 2025 order, granting their Rule 204.1 request for an independent neurological and neuropsychological examination

but ordering the examination audio recorded.[1]  *See* TEX. R. CIV. P. 204.1(a).  Real party in interest Glorietta Viera Perez has filed a response.

## Background

This case arises from a personal injury case filed by real party in interest, Glorietel Viera Perez, alleging that while she was visiting the Typhoon Texas Waterpark in Harris County, Texas, she was hit in the face by an outdoor umbrella and suffered injuries.  Typhoon Texas filed a motion to compel a Rule 204.1 examination of Perez and a motion to compel Perez to produce the neuropsychological testing data from her physicians.

Medical records indicated Perez was hit by a large outdoor umbrella and claimed to have been rendered unconscious.  She stated that, when she woke up, her jaw was bleeding, and she was being attended by medical services.  Claiming pain in her face and jaw, shoulder pain and numbness, Perez was referred to a neurologist and for neuropsychological testing if conservative treatment failed.  Neuropsychological testing revealed a traumatic brain injury, post-concussive syndrome, and generalized anxiety disorder, but test scores were primarily in the average range, with some word-finding difficulties (anomia).

---

[1]  The underlying case is *Glorietel Viera Perez v. Typhoon Texas Waterpark, Typhoon Waterpark of Texas LLC, WP Ventures, LLC, and WP Ventures #2, LLC*, cause number 2021-35074, pending in the 281st District Court of Harris County, Texas, the Honorable Christine Weems presiding.

Typhoon Texas's expert neuropsychologist, Dr. Corwin Boake, Ph.D., submitted an affidavit in support of Typhoon Texas's motion to compel independent neuropsychological and neurological exams. Also submitted was the unsworn declaration of Madhureeta Achari, M.C., a neurologist.

Perez agreed to the independent examinations but requested certain parameters, including audio and video recording, that testing last no longer than one hour, and an order that Dr. Boake share his raw data with Perez within three business days of testing. Typhoon Texas responded, opposing recording, the one-hour testing limit, and claimed that limiting Dr. Boake's testing to less than eight hours would render him unable to properly test her, defeating the purpose of the Rule 204 exam.

Further medical records produced by Perez indicated that Perez described developing an "epileptic aura" followed by a nonconvulsive seizure, which involved weakness, and loss of consciousness for approximately one minute during which she lost bladder control. Based on the medical records, Typhoon Texas argued that nothing indicated that Perez had memory problems as testing revealed average memory performance and thus, Perez established no special circumstances supporting recording of the examinations.

The trial court held a hearing on May 16, 2025. Because there was no opposition to the independent exams, the trial court stated that the only issue was what testing parameters to impose. The trial court signed a written order on May

19, 2025, granting Typhoon Texas's motion to compel the Rule 204.1 examinations and to compel production of Perez's neuropsychological testing data. The trial court ordered Perez to make herself available to Dr. Boake within sixty days of the date of the order with testing to be audio recorded, the neuropsychological examination to include a one-hour interview and testing lasting no longer than eight hours, and plaintiff's counsel to provide the raw data from their neuropsychologist to Dr. Boake. Perez was also ordered to make herself available for a neurological exam with Dr. Achari within sixty days of the date of the order, with Dr. Achari's exam to be audio recorded and to last no longer than ninety minutes.

Trial, which had been set for November 17, 2025, has been reset to April 6, 2026. Although relators have requested a stay, none has been imposed.

**Standard of Review**

To show entitlement to mandamus relief, a relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *See Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). To establish that the trial court abused its discretion, relator must show that the trial court reached "a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). As to the resolution of factual issues or matters committed to the trial court's discretion, we may not

4

substitute our judgment for the trial court's unless relator establishes that the trial court could reasonably have reached only one decision. *Id.* at 840.

## Analysis

Typhoon Texas contends that the trial court abused its discretion in imposing a recording requirement because Perez failed to present proof of special circumstances required for recording independent medical examinations. Typhoon Texas further complains that the recording requirement deprives them of the opportunity for a fair trial.

Texas Rule of Civil Procedure 204 sets out the procedures for court-ordered physical and mental examinations, which requires a party seeking an independent medical examination to show good cause and that the party's mental or physical condition is in controversy. *See* TEX. R. CIV. P. 204.1(c); *In re Soc'y of Our Lady of the Most Holy Trinity*, 622 S.W.3d 1, 11 (Tex. App.—Corpus Christi–Edinburgh 2019, orig. proceeding).

If the trial court decides to grant the motion to compel the independent examination, Rule 204 requires the order to be in writing and to specify "the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." TEX. R. CIV. P. 204.1(d). Although a trial court may place conditions on an examination, the limitations and conditions the trial court imposes must be reasonable. *See In re Kirby Inland Marine, LP*, No. 01-18-00383-

5

CV, 2018 WL 3468476, at *3 (Tex. App.—Houston [1st Dist.] July 18, 2018, orig. proceeding) (mem. op.).

The first Texas appellate court to address the recording of an independent medical examination acknowledged a lack of Texas cases on the subject and reviewed the federal courts' construction of analogous Federal Rule of Civil Procedure 35. *See Soc'y*, 622 S.W.3d at 12 (citing FED. R. CIV. P. 35). The court noted that a majority of federal courts reject "the notion that a third party should be allowed, even indirectly through a recording device, to observe a Rule 35 examination." *Soc'y*, 622 S.W.3d at 13. The reason for this rejection is that an "observer, court reporter, or recording device would constitute a distraction during the examination and work to diminish the accuracy of the process . . . . [and] interjects an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry . . . ." *Romano v. II Morrow Inc.*, 173 F.R.D. 271, 274 (D. Or. 1997) (quoting *Shirsat v. Mut. Pharm. Co.*, 169 F.R.D. 68, 70–71 (E.D. Pa. 1996)). Thus, Texas courts addressing the issue of recording of an independent medical examination have held that the party seeking recording has "the burden to show a factual basis establishing special circumstances which constitute good cause for the accommodation." *Soc'y*, 622 S.W.3d at 14 (citing *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 396 (S.D. Tex. 2013)).

Requiring the party seeking recording to show special circumstances or a particularized need is consistent with the emphasis given by federal courts and the Texas Supreme Court on the importance of giving the moving party's expert "the 'same opportunity' as the opposing party's expert 'to fully develop and present [his or her] opinion, ensuring a fair trial.'" *Soc'y*, 622 S.W.3d at 17 (quoting *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 304–05 (Tex. 2016) (orig. proceeding)). In *Society*, the court found no reason, consistent with the federal courts' determination, "to apply separate rules to determine whether a third party can be present at an examination or whether the examination can be videotaped or recorded." *Soc'y*, 622 S.W.3d at 16. "Courts have also reasoned that a recording undermines [Federal] Rule 35 because it gives the plaintiff an evidentiary tool unavailable to the defendant and thus thwarts the rule's attempt to place parties 'on a somewhat equal footing' in their efforts to appraise the plaintiff's condition." *Reece v. Rubbermaid, Inc.*, No. CV. 08-0051-PK, 2009 WL 10693911, at *2 (D. Or. Mar. 19, 2009); *see also H.E.B.*, 492 S.W.3d at 304 (citing *Coates v. Whittington*, 758 S.W.2d 749 (Tex. 1988) for proposition that federal courts' construction of FED. R. CIV. P. 35 is helpful in analyzing Rule 204.1's predecessor).

This court and other Texas courts have applied the requirement of a showing of special circumstances or a particularized need for recording an independent medical examination. *See In re UV Logistics*, 682 S.W.3d 612, 624 (Tex. App.—

Houston [1st Dist.] 2023, orig. proceeding); *Soc'y*, 622 S.W.3d at 14; *In re Redbird Trails Apts.*, No. 05-20-00284-CV, 2020 WL 3445811, at *4 (Tex. App.—Dallas June 24, 2020, orig. proceeding) (mem. op.). "Special circumstances" supporting the recording of an independent medical exam include where an examinee is a minor,[2] an examinee does not speak English or suffers from a disability that could impair the ability to communicate with counsel about the testing experience,[3] or for safety reasons when evidence suggests the advisability of recording.[4] *See UV Logistics*, 682 S.W.3d at 624. These examples of special circumstances demonstrate that a trial court should not permit recording of an independent medical exam unless

---

[2]     *See, e.g., T.B. ex rel. G.B. v. Chico Unified Sch. Dist.*, No. CIV S-07-0926-GEB-CMK, 2009 WL 837468, at *2 (E.D. Cal. Mar. 26, 2009) (permitting recording of examination of autistic child because "with traumatized children, 'a child's facial expressions, body language, movements and behavioral enactments communicate medically significant information which can be captured on videotape,'" and video camera was small and placed in stationary location).

[3]     *See Maldonado v. Union Pac. R.R. Co.*, No. 09-1187-EFM, 2011 WL 841432, at *3 (D. Kan. Mar. 8, 2011) (allowing recording of examination because plaintiff had third-grade education, was a non-English speaker, and evidence showed plaintiff suffered impaired memory and cognitive abilities hampering ability to communicate with counsel about examination); *Di Bari v. Incaica Cia Armadora, S.A.*, 126 F.R.D. 12, 14 (E.D.N.Y. 1989) (permitting presence of stenographer at psychiatric examination because plaintiff lacked fluency in English and would have difficulty communicating with counsel about examination).

[4]     *See, e.g., Greenhorn v. Marriott Int'l, Inc.*, 216 F.R.D. 649, 654 (D. Kan. 2003) (allowing recording of examination based on plaintiff's proof that physician was abusive, had been disqualified in some previous cases, and had ignored prior court ordered examination conditions).

the party seeking recording proves "special circumstances, unique to that party's situation, supported by specific facts" that distinguish that party from others seeking recording. *See Soc'y*, 622 S.W.3d at 14; *UV Logistics*, 682 S.W.3d at 623–24; *In re America's Catch*, No. 01-25-00045-CV, 2025 WL 2485685, at *5 (Tex. App.—Houston [1st Dist.] Aug. 29, 2025, orig. proceeding) (mem. op.).

Typhoon Texas observes that Perez was evaluated by her neuropsychologist, Dr. John Crum, and neurologist Dr. Miguel Pappolla, both of whom were designated as testifying experts, and neither of these evaluations were audio or video recorded. Dr. Crum's evaluation revealed that, in addition to physical injuries from the umbrella, Perez complained of arm pain radiating to her fingers, headaches, one fainting episode, and post-concussive symptoms, including cognitive fog, headaches, blurred vision, fatigue, apathy, and sleep disturbances. Dr. Crum also noted that Perez continues to experience anomia (word-finding issues), impaired concentration, distraction, forgetfulness, memory deficits, difficulty with sequence of steps, multi-tasking, and slower processing speed. Perez reported mistakes at work primarily with "her delegation pertaining to scheduling, managing, and accounting," and navigation challenges, as well as some emotional issues, including low frustration tolerance, irritability, anxiety, apathy, crying spells, sadness, and hypervigilance. However, Perez indicated she remained independent with activities of daily living including hygiene, transportation, and managing finances.

Dr. Crum performed a number of standardized tests. Her intellectual level fell in the high-average range, she displayed average processing speed and visual scanning, average verbal reasoning in which her problems with anomia resulted in a lower score, average range for perceptual reasoning skills, average to high-average for recall of memorized list of words, average score on the Wechsler memory scale, average score for recall of digit sequences, and low average score on cognitive flexibility. Dr. Crum found that these scores were consistent with the diagnosis of diffuse traumatic brain injury.

Dr. Pappola's evaluation found that Perez had average scores in composite memory, verbal memory, visual memory, psychomotor speed, cognitive attention, cognitive flexibility, processing speed, executive function, reasoning, working memory, sustained attention, simple attention, motor speed, and above-average scores in reaction time, and social acuity. Dr. Pappola found that Perez does not meet the criteria for mild cognitive impairment or dementia.

Perez complained of two occurrences in which she allegedly lost consciousness for a minute or less, and Dr. Pappolla labeled these as non-convulsive seizures. Dr. Pappolla stated that Perez reported no problems with memory or confusion after the seizure episodes. Although Perez reported headaches, dizziness, fatigue, mood abnormalities, and sleep disturbances, Dr. Pappolla found no basis for diagnosing a neurocognitive disorder or mild cognitive impairment.

In the trial court and in this Court, Typhoon Texas claimed that Perez had not demonstrated special circumstances justifying recording of the neuropsychological or neurological examinations. Perez disagreed and asked the trial court to require limitations on testing and to order recording of the testing based on *UV Logistics* and *In re Offshore Marine.* In particular, Perez pointed to her seizures, her test results showing partial amnesia of the event, and post-concussive syndrome. But all of her test results indicated scores in the average range.

In response to Typhoon Texas's petition, Perez argues that Typhoon Texas attempts to impose a heightened burden, requiring evidence of "special circumstances" that has not been adopted by the Texas Supreme Court. But the requirement of a showing of special circumstances has been upheld by several intermediate courts, including this Court. Perez also asserts that she is a Spanish-speaker and her unique deficits of losing consciousness at the time of the event and her non-convulsive seizures are proof of special circumstances.

A review of the record and the testing by Perez's neuropsychologist and neurologist indicate that Perez has no deficits that would prevent her from communicating with her attorneys after the testing. Although Dr. Pappola indicated that cross-language interference can occur with bilingual speakers, Perez displayed average reading, verbal acquisition, and reasoning. Neither physician stated that Perez had difficulty communicating. Indeed, the reports by both physicians indicate

that Perez was able to discuss her difficulties since the event and only suffered amnesia concerning the event itself.

Because Perez has not established deficits or a disability that would prevent her from communicating with her counsel, she failed to prove the existence of special circumstances or a particularized need for recording of the independent neuropsychological and neurological examinations. We hold that Texas Typhoon has met its burden of establishing that the trial court abused its discretion in ordering recording of the independent neuropsychological and neurological examinations because Perez failed to provide proof of special circumstances justifying recording of these independent examinations.

### Adequate Remedy by Appeal

A relator must not only establish that the trial court abused its discretion; it must also show that it lacks an adequate remedy by appeal. *Prudential*, 148 S.W.3d at 135–36. The adequacy of the remedy by appeal is determined by balancing the benefits and detriments of mandamus review. *See id.* "Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation." *Id.* at 136. But when considering significant rulings in exceptional cases, mandamus review

12

"may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.*

The issue in this case concerning the recording of an independent medical examination arises often and, without Texas Supreme Court authority and only a few cases from the intermediate appellate courts, the trial courts continue to struggle in addressing special circumstances or a particularized need that justifies recording. Typhoon Texas asserts that it lacks an adequate remedy because the order severely compromises its ability to present a viable defense. Recording is disfavored by most federal and Texas courts because it is a distraction that can diminish accuracy and compromise the results of the testing. *See Soc'y*, 622 S.W.3d at 13. Moreover, it is inconsistent with the purpose of Rule 204.1 to put the plaintiff's and defendant's experts on the same footing. *See id.* An appellate remedy is inadequate when a relator is deprived of the opportunity for its expert to "develop and present his opinion, ensuring a fair trial." *H.E.B. Grocery Co.*, 492 S.W.3d at 304–05.

We find that the benefits of mandamus review outweigh the detriments in this case and that Typhoon Texas has shown that it lacks an adequate remedy by appeal.

## Conclusion

Having found that Typhoon Texas established that the trial court abused its discretion and that the remedy by appeal is inadequate, we conditionally grant the petition for writ of mandamus and order the trial court to vacate the portions of the May 19, 2025 order requiring audio recording of the independent neuropsychological and neurological examinations. We are confident that the trial court will comply with this order. The writ will issue only if the trial court fails to comply.

**PER CURIAM**

Panel consists of Justices Riva-Molloy, Guiney, and Morgan.